203 P.3d 375 (2009)
In the Matter of the Personal Restraint of Michael W. McKIEARNAN, Appellant.
No. 81102-4.
Supreme Court of Washington, En Banc.
Argued January 13, 2009.
Decided March 19, 2009.
Jeffrey Erwin Ellis, Ellis Holmes & Witchley PLLC, Seattle, WA, for Petitioner(s).
Janice Elizabeth Ellis, Snohomish County Prosecutor's Office, Seth Aaron Fine, Attorney at Law, Everett, WA, for Respondent(s).
CHAMBERS, J.
¶ 1 In 1987, Michael McKiearnan pleaded guilty to first degree robbery. Both the plea agreement and the judgment and sentence form stated that the maximum sentence that McKiearnan could receive was "twenty (20) years to life imprisonment," when in fact the actual statutory maximum was simply life imprisonment. Mot. for Discretionary Review, App. B, Statement of Def. on Plea of Guilty at 1. McKiearnan argues that the judgment and sentence is facially invalid, that he was not properly informed of the consequences of his plea agreement, and that he is entitled to withdraw his guilty plea. We conclude that he was not substantively misinformed as to the maximum sentence, his judgment and sentence is not invalid on its face, and his petition is time barred.

I
¶ 2 In April 1987, the State charged McKiearnan with first degree robbery. According to the affidavit of probable cause, McKiearnan was hitchhiking when he was picked up by Elliott Wright. At some point during the journey, Wright stopped his car and was ordered by McKiearnan to surrender his wallet and his money. After relieving Wright of his wallet and cash, McKiearnan ordered him out of the car. As Wright attempted to exit the vehicle, McKiearnan punched him in the nose, shoved him out of *376 the car and onto the road, and then drove off in Wright's car.
¶ 3 McKiearnan pleaded guilty to first degree robbery on May 14, 1987. As part of the plea agreement, McKiearnan was correctly informed that the standard sentence range for the charged crime was confinement for at least 36 months and not more than 48 months. The plea form also informed McKiearnan that the maximum sentence for first degree robbery was "twenty (20) years to life imprisonment and $50,000 fine." Id. at 1-3. In fact, the maximum sentence for first degree robbery was simply life imprisonment and not a range of 20 years to life.[1] McKiearnan was sentenced to 36 months' confinement on May 19, 1987. The judgment and sentence form also misstated the maximum term for first degree robbery as "20 Yrs. to Life."[2] Mot. for Discretionary Review, App. C, J. & Sentence at 1-4. McKiearnan did not file a direct appeal.
¶ 4 On October 10, 2007, McKiearnan filed a personal restraint petition (PRP) in Division One of the Court of Appeals. He argued that because both the plea agreement and the judgment and sentence mistakenly stated the maximum penalty for first degree robbery, the judgment and sentence was facially invalid and he was entitled to withdraw his guilty plea. The Court of Appeals dismissed McKiearnan's PRP, finding that the defect was simply a "clerical error" and that McKiearnan had "not established a valid legal basis for withdrawing his plea." Order of Dismissal at 3. McKiearnan then filed a motion for discretionary review, which we granted.

II
¶ 5 A personal restraint petitioner has the burden of demonstrating his judgment and sentence is facially invalid. In re Pers. Restraint of Turay, 150 Wash.2d 71, 82, 74 P.3d 1194 (2003).
¶ 6 McKiearnan filed this PRP in October 2007, more than 20 years after his judgment became final on May 19, 1987.[3] Under RCW 10.73.090(1), a collateral attack on a judgment and sentence may not be filed "more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." (Emphasis added.) The time bar may be avoided if the petitioner can establish one of six exceptions listed under RCW 10.73.100.
¶ 7 McKiearnan does not claim that his petition meets any of the exceptions to the one year time bar listed in RCW 10.73.100. Rather, he asserts that because the judgment and sentence form misstated the maximum possible sentence, it is facially invalid and it and the plea agreement may be challenged. We have held that "`invalid on its face' means the judgment and sentence evidences the invalidity without further elaboration." In re Pers. Restraint of Goodwin, 146 Wash.2d 861, 866, 50 P.3d 618 (2002).
¶ 8 In order to consider whether the plea agreement was invalid we must first find that the judgment and sentence itself is facially invalid. Otherwise, review of the plea agreement is barred by RCW 10.73.090. State v. King, 130 Wash.2d 517, 530-31, 925 P.2d 606 (1996). A reviewing court may use the documents signed as part of a plea agreement to determine facial invalidity if those documents are relevant in assessing the validity of the judgment and sentence. In re Pers. Restraint of Thompson, 141 Wash.2d 712, 719, 10 P.3d 380 (2000); In re Pers. Restraint of Stoudmire, 141 Wash.2d 342, 354, 5 P.3d 1240 (2000). But an invalid plea agreement cannot on its own overcome the one year time bar or render an otherwise *377 valid judgment and sentence invalid. The plea documents are only relevant to help determine if the judgment and sentence itself is facially invalid. In re Pers. Restraint of Hemenway, 147 Wash.2d 529, 533, 55 P.3d 615 (2002).
¶ 9 McKiearnan argues that the mistaken statement regarding the maximum sentence on the judgment and sentence is enough on its own to demonstrate facial invalidity. He argues that the court did not have the authority to set the maximum sentence at anything less than life imprisonment and that no more need be shown to avoid the one year time bar. We disagree.
¶ 10 McKiearnan was convicted of a valid crime by a court of competent jurisdiction and was sentenced within the appropriate standard range.[4] He was aware of the standard range sentence he would receive and that he could be sentenced up to a maximum term of life imprisonment. A sentencing court may deviate from the standard sentencing range if it finds there are "substantial and compelling reasons justifying an exceptional sentence." Former RCW 9.94A.120(2) (1987), currently codified as RCW 9.94A.535. In this case, pursuant to the provisions of former RCW 9.94A.120, had the sentencing court found a substantial and compelling reason to do so it could have sentenced McKiearnan to a term within the standard range, to life imprisonment, or anywhere in between. The maximum was life in prison whether he was informed that the maximum sentence was 1 year to life, 10 years to life, or 20 years to life. To be facially invalid, a judgment and sentence requires a more substantial defect than a technical misstatement that had no actual effect on the rights of the petitioner. Even as misstated, McKiearnan was aware of the maximum amount of time he could serve in confinement. We hold that McKiearnan has failed to establish that the judgment and sentence was facially invalid and his PRP is therefore time barred under RCW 10.73.090.

III
¶ 11 Petitioner was not substantively misinformed as to the maximum sentence. We hold that his judgment and sentence was not facially invalid and his petition is time barred. We affirm the Court of Appeals.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, SUSAN OWENS, CHARLES W. JOHNSON, MARY E. FAIRHURST, BARBARA A. MADSEN, JAMES M. JOHNSON, RICHARD B. SANDERS, DEBRA L. STEPHENS, Judges.
NOTES
[1] First degree robbery is, and was at the time, classified as a class A felony. RCW 9A.56.200(2). Under RCW 9A.20.021(1)(a), the statutory maximum for a class A felony is and was life imprisonment. It appears that the misstatement of the maximum sentence as a range stems from the transition to determinate sentencing that occurred in 1984 after the adoption of the Sentencing Reform Act of 1981(SRA). See ch. 9.94A RCW.
[2] The State concedes the maximum sentence was misstated.
[3] There is nothing in the record indicating why McKiearnan has sought to have his plea withdrawn more than 20 years after it was entered. The record does reflect that at the time he filed his PRP, McKiearnan was a resident of the state correctional facility in Monroe, Washington.
[4] McKiearnan was given an offender score of 1 at the time of his conviction. Under the SRA sentencing grid, the standard sentence range for a person convicted of first degree robbery with an offender score of 1 was 36 to 48 months. Former RCW 9.94A.310 (1987), recodified as RCW 9.94A.510.