## COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) ) ) | No. 33619-1-III |
| EARL OWEN FLIPPO, | ) ) | PUBLISHED OPINION |
| Petitioner. | ) | |

BROWN, J. — Earl Owen Flippo seeks relief from personal restraint in the form of legal financial obligations (LFOs) imposed for his 2008 Walla Walla County convictions of four counts of first degree child molestation. Relying mainly on the intervening case *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), Mr. Flippo claims he is entitled to vacation of his LFOs because the superior court imposed them without properly considering his present or future ability to pay, and his ongoing indigency makes it unlikely he will ever be able to pay those obligations. We dismiss the petition as time-barred.

### FACTS AND PROCEDURE

As part of Mr. Flippo's judgment and sentence, the superior court imposed LFOs totaling $2,619.20. These included $200.00 in court costs, $286.05 in witness fees, a $250.00 jury demand fee, $508.15 in sheriff fees, a $500.00 victim assessment, a $775.00

court appointed attorney fee, and a $100.00 DNA collection fee. Mr. Flippo did not object to those costs at sentencing. He filed a direct appeal in which he challenged his convictions. This court affirmed the judgment and sentence. *See State v. Flippo*, unpub. op'n no. 27079-3-III (Wa. Ct. App. 2009). This court issued its appeal mandate on March 16, 2010. The judgment and sentence became final on that date. RCW 10.73.090(3)(b). Mr. Flippo was assessed appellate costs of $4,087. He also previously filed a first personal restraint petition in which he claimed instructional error and ineffective assistance of counsel at trial. Our acting chief judge dismissed the petition as frivolous. *See In re Pers. Restraint of Flippo*, order no. 30073-1-III (Wa. Ct. App. 2011).

On July 16, 2015, Mr. Flippo filed this form petition entitled "Personal Restraint Petition (regarding LFOs post *Blazina*)."[1]

## DISCUSSION

Since Mr. Flippo filed this petition more than one year after his judgment and sentence became final, it is barred as untimely under RCW 10.73.090(1) unless the judgment is facially invalid or was entered without competent jurisdiction, or the petition is based solely on one or more of the exceptions to the time bar as set forth in RCW 10.73.100(1)-(6). *See In re Pers. Restraint of McKiearnan*, 165 Wn.2d 777, 781, 203 P.3d 375 (2009). In addition, under RCW 10.73.140 this court will not consider a

---

[1] This Court has received numerous now-pending personal restraint petitions from petitioners using this unofficial form based upon *Blazina* and whose judgments and

successive petition unless the petitioner certifies that he has not filed a previous petition on similar grounds, and shows good cause why he did not raise any new grounds in the previous petition. A significant intervening change in the law resulting from a court decision satisfies the good cause requirement. *See State v. Brown*, 154 Wn.2d 787, 794, 117 P.3d 336 (2005). Because Mr. Flippo relies on the intervening case *Blazina*, we focus on whether that decision is a change in the law that helps him overcome the time bar. *See In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005). It is the petitioner's burden to make these showings. *Id.*

In Mr. Flippo's grounds for relief stated at page 2 of his petition, he claims the sentencing court failed to make an individualized inquiry into his ability to pay LFOs, and instead merely relied on boilerplate language in the judgment and sentence to find that he has the ability or likely future ability to pay. He contends this violated the Supreme Court's holding in *Blazina* that RCW 10.01.160(3) requires the record to reflect that the sentencing judge made an individualized inquiry into the defendant's current and future ability to pay before the court imposes discretionary LFOs. *Blazina*, 182 Wn.2d at 837, 839. He contends *Blazina* is a significant change in the law that is material to his case and should apply retroactively under the time bar exception in RCW

---

sentences were final for more than one year at the time of filing.

10.73.100(6). The argument fails.

The time-bar exception in RCW 10.73.100(6) provides:

There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100(6).

An intervening opinion constitutes a significant change in the law under RCW 10.73.100(6) when it has effectively overturned a prior appellate decision that was originally determinative of a material issue. *In re Pers. Restraint of Lavery*, 154 Wn.2d at 258 (internal quotation marks omitted). "One test to determine whether an appellate decision represents a significant change in the law is whether the defendant could have argued the issue before publication of the decision." *In re Pers. Restraint of Stoudmire*, 145 Wn.2d 258, 264, 36 P.3d 1005 (2001). As we reason below, Mr. Flippo could have made his LFO challenges at his 2008 sentencing hearing—well before *Blazina*.

*Blazina's* primary holding that the record must reflect the sentencing judge's individualized inquiry of the defendant's current and future ability to pay before imposing discretionary LFOs (as opposed to merely entering a boilerplate finding on the judgment and sentence) only confirms, and does not alter, what has always been required of the sentencing court under RCW 10.01.160(3)—a statute that was enacted in 1976 and

has remained unchanged. *See* LAWS OF 1975-76, 2nd Ex. Sess., ch. 96 § 1; *see also*

*Johnson v. Morris*, 87 Wn.2d 922, 927, 557 P.2d 1299 (1976) (construction of a statute

by the highest court of a state is determinative of the meaning and effect of the statute

from the time of its enactment). The statute provides:

> The court shall not sentence a defendant to pay costs unless the defendant is or
> will be able to pay them. In determining the amount and method of payment of
> costs, the court shall take account of the financial resources of the defendant and
> the nature of the burden that payment of costs will impose.

RCW 10.01.160(3). These longstanding requirements are also reflected in case law

preceding *Blazina*. *See State v. Baldwin*, 63 Wn. App. 303, 310-12, 818 P.2d 1116

(1991).

*Blazina* additionally advises that sentencing courts should look to the standards in

GR 34 as one of the non-exhaustive ways to determine a defendant's indigent status.

*Blazina*, 182 Wn.2d at 838-39. Mr. Flippo claims he continues to meet the GR 34

indigency standards (income below 125 percent of federal poverty guideline) after also

being declared indigent under RAP 15.2 for his direct appeal. But *Blazina's* reference to

GR 34 does not change the law; it simply gives courts guidance when determining the

individual's ability to pay LFOs.

Finally, *Blazina* also holds that RAP 2.5(a) gives appellate courts discretion

whether to consider a defendant's LFO challenge raised for the first time *on appeal*.

*Blazina*, 182 Wn.2d at 834-35. And the concurring opinion in *Blazina* suggests that the

unpreserved error can be reached by applying RAP 1.2(a), which states that the "rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits." *Id.* at 841 (Fairhurst, J., concurring in result). Mr. Flippo urges us to apply these rules and review his personal restraint petition on the merits. We will not do so. Since *Blazina* imposes no obligation for appellate courts to review LFO challenges raised for the first time in a direct appeal, it therefore follows *Blazina* does not require review of LFO claims made initially in a personal restraint petition—much less one that is untimely filed.

For the above reasons, we hold that *Blazina* is not a significant change in the law for purposes of the time bar exception in RCW 10.73.100(6). Thus, Mr. Flippo's additional citation to *In re Pers. Restraint of Vandervlugt*, 120 Wn.2d 427, 842 P.2d 950 (1992), for the proposition that principles of fairness compel retroactive application of *Blazina* is misplaced. In *Vandervlugt*, the court found a significant change in the law resulting from two cases of first impression that affected petitioner's sentence and were filed in between his direct appeal and timely personal restraint petition. *Id.* at 433-35.

Mr. Flippo also argues that the judgment and sentence imposing LFOs is not "final" in any event for purposes of RCW 10.73.090(1) because defendants are allowed under RCW 10.01.160(4) to petition the sentencing court at any time for remission of the payment of costs. The statute provides:

6

> [A] defendant who has been ordered to pay costs and who is not in contumacious default in the payment thereof may at any time petition the sentencing court for remission of the payment of costs or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may remit all or part of the amount due in costs, or modify the method of payment under RCW 10.01.170.

RCW 10.73.160(4).

While Mr. Flippo is correct that the statute provides a remedy to petition the sentencing court for post-judgment remission of LFOs (and that indeed is his remedy with respect to his LFOs and appellate costs that are part of the judgment), in no way does the statute alter the finality date of his judgment and sentence as set forth in RCW 10.73.090(3)(b) (judgment becomes final on date that appellate court issues its mandate disposing of a timely direct appeal).

Mr. Flippo further argues in his reply brief that the court's boilerplate finding of his ability to pay renders the judgment and sentence invalid on its face for purposes of the time bar exception in RCW 10.73.090(1). It does not. An error renders a judgment invalid under RCW 10.73.090 "only where a court has in fact exceeded its statutory authority in entering the judgment and sentence." *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 143, 267 P.3d 324 (2011). The LFOs imposed upon Mr. Flippo were all authorized by statute. And he makes no claim to the contrary. His judgment and sentence shows no facial invalidity.

7

No. 33619-1-III
*PRP of Flippo*

The petition is dismissed as time-barred under RCW 10.73.090(1).[2]

Brown, J.
Brown, J.

WE CONCUR:

Siddoway, C.J.
Siddoway, C.J.

Korsmo, J.
Korsmo, J.

---

[2] We deny Mr. Flippo's request for appointed counsel. There is no right to counsel in a non-meritorious petition or second petition challenging a judgment and sentence. *In re Pers. Restraint of Gentry*, 137 Wn.2d 379, 390, 972 P.2d 1250 (1999); RCW 10.73.150(4).