2016 JUN 13 AM 10: 15



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 73143-2-I |
| Respondent, | |
| v. | DIVISION ONE |
| PETER TYLER WHITMORE, | UNPUBLISHED OPINION |
| Appellant. | FILED: June 13, 2016 |

LEACH, J. — Peter Whitmore appeals his conviction and sentence for possession of methamphetamine. He challenges the trial court's admission of testimony that the Anacortes police asked the Island County sheriff to contact him at his grandmother's house and that Island County had a warrant for his arrest. He also challenges the trial court's imposition of several discretionary legal financial obligations despite finding him indigent. Because the testimony Whitmore challenges gave the jury necessary context for his arrest and search, the trial court did not err in admitting it. But because the trial court did not conduct an individualized inquiry into Whitmore's ability to pay the legal financial obligations the trial court imposed, we remand for resentencing.

## Background

In June 2014, the Anacortes Police Department called the Island County Sheriff's Office and asked it to contact Whitmore at an address in Oak Harbor. While on the way there, the sheriff's deputies discovered that Island County had a warrant for Whitmore's arrest. They confirmed the warrant.

When deputies knocked on the door, Whitmore's grandmother answered. The deputies asked to speak with Whitmore. After Whitmore came to the door,[1] the deputies informed him "[t]hat the Anacortes Police Department needed to talk to him about something they were doing" and told him about the arrest warrant. They then arrested him based on the warrant.[2]

Before placing Whitmore in their car, one deputy searched him.[3] The deputy felt an object in Whitmore's pants pocket. Whitmore said the object was a lighter. The deputy testified that when he tried to push the object out of Whitmore's pocket from the outside, a "baggie" that had been on top of it fell out first. The baggie contained a small amount of methamphetamine.[4]

Whitmore testified that he had been doing construction work at his grandmother's house before the police arrived. He said that when the deputies came to the door he thought they were investigating a robbery in the neighborhood. He claimed the pants were not his but were from a trailer parked at the house. He said that he and three others shared clothes from a pile in the trailer to avoid getting their other clothes dirty when they worked. He testified that he did not think he had worn the pants before. He admitted that when he

---

[1] Deputy Davison testified that when Whitmore saw them at the door, he said, "Oh, shit." Whitmore testified, instead, that he was not concerned at that point.

[2] Both deputies testified that Whitmore initially resisted handcuffs until after Deputy Davison instructed him to stop resisting. Whitmore testified he did not resist at all.

[3] The search was incident to the arrest; its purpose was officer safety. Whitmore did not challenge its legality.

[4] The officer said he avoided putting his hands in Whitmore's pockets to avoid potential sharps. The object the officer had felt was indeed a lighter.

was arrested he had several of his own objects in the pockets, including cigarettes and a lighter, and that he smoked about 10 cigarettes per day. In contrast to the deputy, Whitmore testified that the deputy put his hand in Whitmore's pockets to remove their contents and did not find the baggie until he opened up a ball of trash he had removed.

The trial court rejected Whitmore's request to exclude evidence of the police department's call and the warrant for his arrest. It explained that "res gestae allows the prosecution to give a story of what caused the contact. And in this case there would be questions of why the police showed up at [Whitmore's] door without any reason."

A jury found Whitmore guilty of possession of a controlled substance. As part of Whitmore's sentence, the trial court imposed certain legal financial obligations.

## Standard of Review

We review the trial court's decision to admit or exclude evidence for abuse of discretion.[5] A trial court abuses its discretion when it makes a manifestly unreasonable decision or bases its decision on untenable grounds or reasons.[6] We review the trial court's interpretation of an evidentiary rule de novo as a question of law.[7]

---

[5] State v. Gunderson, 181 Wn.2d 916, 922, 337 P.3d 1090 (2014).
[6] Gunderson, 181 Wn.2d at 922 (quoting State v. Brown, 132 Wn.2d 529, 572, 940 P.2d 546 (1997)).
[7] Gunderson, 181 Wn.2d at 922.

Analysis

Evidence of Arrest Warrant and Anacortes Police Call

First, Whitmore contends the trial court abused its discretion by admitting the deputies' testimony that their office received a request from the Anacortes Police Department to contact Whitmore at his grandmother's address and that they found a warrant for Whitmore's arrest.

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable."[8] "A fact bearing on the credibility or probative value of other evidence is relevant."[9] Relevant evidence is admissible unless a rule of law prohibits its admission.[10] ER 403 prohibits the trial court from admitting relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." And ER 404(b) prohibits the trial court from admitting "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith."

Evidence is relevant to show the "res gestae" of a crime if it provides needed context for the jury to understand the sequence of events surrounding the crime.[11] In short, this evidence "'is admissible [to] complete the story of the crime.'"[12] Washington courts have characterized res gestae as an exception to

---

[8] ER 401.
[9] State v. Warren, 134 Wn. App. 44, 63, 138 P.3d 1081 (2006).
[10] ER 402.
[11] State v. Lane, 125 Wn.2d 825, 831, 889 P.2d 929 (1995).
[12] Lane, 125 Wn.2d at 831 (alteration in original) (internal quotation marks omitted) (quoting State v. Tharp, 27 Wn. App. 198, 204, 616 P.2d 693 (1980)).

ER 404(b)'s prohibition of prior misconduct evidence.[13]   Evidence of prior misconduct is admissible as res gestae "'if it is so connected in time, place, circumstances, or means employed that proof of such other misconduct is necessary for a complete description of the crime charged, or constitutes proof of the history of the crime charged.'"[14]   Division Two recently departed from this formulation, reasoning that res gestae is better thought of as a type of relevance under ER 401.[15]

Here, Whitmore contends that the trial court should have excluded testimony under ER 402, ER 403, and ER 404(b).

The challenged evidence is relevant as res gestae and thus admissible under ER 402.   The jury needed the deputies' testimony that the Anacortes police asked their office to contact Whitmore and that he had an arrest warrant to help it understand the sequence of events leading to Whitmore's arrest and the

---

Federal courts have urged caution to avoid admitting "extraneous and potentially prejudicial information" under the guise of "background" when the events of the case are easily understood without such facts.  United States v. Steiner, 815 F.3d 128, 136-37 (3d Cir. 2016).

[13] See Lane, 125 Wn.2d at 831; Tharp, 27 Wn. App. at 204.

[14] State v. Schaffer, 63 Wn. App. 761, 769, 822 P.2d 292 (1991) (quoting 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE § 115, at 398 (3d ed. 1989)), aff'd, 120 Wn.2d 616, 845 P.2d 281 (1993).

[15] State v. Grier, 168 Wn. App. 635, 647, 278 P.3d 225 (2012), cert. denied, 135 S. Ct. 153 (2014).  Analogizing to the ejusdem generis principle of statutory construction, Division Two determined that res gestae is not properly considered an exception to ER 404(b) because, unlike the listed exceptions (except identity), it does not relate to the defendant's state of mind.  Grier, 168 Wn. App. at 646.  Federal courts have made a similar observation.  United States v. Green, 617 F.3d 233, 247 (3d Cir. 2010) ("There is little practical difference between admitting inextricably intertwined evidence as 'background' pursuant to Rules 401 and 402, and admitting it under Rule 404(b).").

discovery of drugs on him.[16] As the State points out, without that information the jury would not know why the deputies went to Whitmore's grandmother's house or why they arrested him. The challenged evidence thus "bear[s] on the credibility or probative value of other evidence"—namely, other parts of the deputies' testimony, which differed from Whitmore's.[17] Since the evidence was relevant and Whitmore does not challenge it on statutory or constitutional grounds, it is admissible unless another evidentiary rule prohibits it.[18] Whitmore suggests ER 404(b) and ER 403.

ER 404(b) did not preclude admission of the deputies' testimony, even if the police call and warrant are evidence of Whitmore's unspecified prior misconduct. This court recognizes an exception for res gestae evidence under ER 404(b).[19] This exception recognizes that ER 404(b) does not require the State to present "a truncated or fragmentary version of the transaction."[20] Nor does ER 404(b) prohibit relevant "evidence of the continuing events leading to" a crime.[21] As discussed above, the call from the Anacortes police and the arrest warrant were necessary to explain the events leading to the deputies' discovery of methamphetamine on Whitmore. Thus, for the same reasons that the

---

[16] See Warren, 134 Wn. App. at 63.
[17] See Warren, 134 Wn. App. at 63.
[18] See ER 402.
[19] See Tharp, 27 Wn. App. at 204.
[20] See Tharp, 27 Wn. App. at 205.
[21] Grier, 168 Wn. App. at 647.

challenged evidence is relevant as res gestae, that evidence qualifies for the res gestae exception to ER 404(b).[22]

Further, the trial court did not abuse its discretion in declining to exclude the challenged testimony under ER 403. The testimony had substantial probative value. As discussed above, it helped complete the picture of events leading to Whitmore's arrest and the deputies finding drugs on his person.[23] It likewise bore on the deputies' credibility.[24] In contrast, that testimony's risk of unfair prejudice was slight. All adverse evidence is prejudicial; ER 403 is concerned with unfair prejudice, which "is caused by evidence likely to arouse an emotional response rather than a rational decision among the jurors."[25] Deputy Davison's statement that the "Anacortes Police Department needed to talk to [Whitmore] about something they were doing" did not necessarily imply that Whitmore was already a criminal, as the police could have wanted to talk to Whitmore for other reasons. That Whitmore had an arrest warrant did, however, imply he was a criminal and thus created some risk of prejudicing the jury against him. But there is nothing incendiary about a defendant having an arrest warrant for an unspecified crime. Nothing in either deputy's testimony appears "likely to arouse an emotional response" from the jury.[26]

---

[22] See Grier, 168 Wn. App. at 647 (reasoning that while res gestae evidence may qualify as ER 404(b) exception, it is better thought of as a type of relevance).

[23] See Grier, 168 Wn. App. at 647.

[24] See Warren, 134 Wn. App. at 63.

[25] Carson v. Fine, 123 Wn.2d 206, 223, 867 P.2d 610 (1994).

[26] Carson, 123 Wn.2d at 223.

Moreover, the alternative testimony that Whitmore proposes would neither solve the problems he asserts nor fulfill the challenged testimony's function. Whitmore suggests that the deputies could have said they acted on "information received" rather than based on a warrant and a call from the Anacortes police. Whitmore does not explain how that testimony would be less prejudicial than telling the jury that Anacortes police asked the sheriff to contact Whitmore. More importantly, Whitmore does not explain how that statement would give the jury the proper context for the search: the search would still appear unreasonable if the deputies had shown up at Whitmore's grandmother's house on "information received" and promptly arrested and searched him.

The trial court also offered jury instructions that adequately cured any potential for prejudice. A trial court can use jury instructions to "direct the jury to a proper consideration of the evidence."[27] Here, the court instructed the jury not to "speculate whether the evidence would have favored one party or the other" regarding facts not before them. It also instructed the jury against prejudice.

Finally, the trial court properly balanced the probative value and risk of unfair prejudice from the testimony. To justify exclusion, the evidence's danger of unfair prejudice must substantially outweigh its probative value.[28] Here, the challenged evidence was necessary to explain the sequence of events to the jurors. It was not unfairly prejudicial and would not cause a rational juror to

---

[27] Carson, 123 Wn.2d at 225.
[28] ER 403.

abandon the trial court's instructions about speculation, prejudice, and emotion. The trial court did not abuse its discretion in admitting that evidence.

Legal Financial Obligations

Whitmore asks that even if this court affirms his conviction, it remand for the trial court to make an individualized inquiry into his ability to pay legal financial obligations (LFOs). The trial court assessed Whitmore $217 in court costs, $400 in court-appointed attorney fees, and $100 in crime lab costs, in addition to $600 in mandatory fines. The court waived a $1,000 fine for Violation of the Uniform Controlled Substances Act (VUCSA), chapter 69.50 RCW, because it had found Whitmore indigent. The trial court thus imposed $717 in discretionary LFOs.

Under RCW 10.01.160(3), a trial court "shall not order a defendant to pay costs unless the defendant is or will be able to pay them." When a trial court imposes discretionary costs, "[t]he record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay."[29] Although this was the holding in State v. Blazina,[30] which postdates Whitmore's sentencing hearing, that Supreme Court decision "only confirms, and does not alter, what has always been required of the sentencing court under RCW 10.01.160(3)."[31] Where a defendant does not preserve a claim of error as to

---

[29] State v. Blazina, 182 Wn.2d 827, 838, 344 P.3d 680 (2015).
[30] 182 Wn.2d 827, 837, 344 P.3d 680 (2015).
[31] In re Pers. Restraint of Flippo, 191 Wn. App. 405, 410, 362 P.3d 1011 (2015).

legal financial obligations, this court has discretion whether to reach that claim on appeal.[32]

Here, Whitmore did not object to the trial court's imposition of fees at the sentencing hearing. He thus did not preserve this issue for appeal.[33] Nonetheless, consistent with numerous Supreme Court decisions since Blazina, we use our discretion to reach Whitmore's challenge on appeal.[34]

The State urges this court to find that the trial court did engage in the individual consideration that RCW 10.01.160(3) mandates. It bases this assertion on Whitmore's testimony that he did construction work before his arrest and was working on "'rebuilding one of [his] mother's rentals'" the day of the arrest, Whitmore's counsel's mention at sentencing that the trial court found Whitmore indigent, Whitmore declining to make a statement at sentencing, the trial court waiving the VUCSA fine based on Whitmore's indigency, and Whitmore's age (28) and length of sentence (60 days).

These circumstances cannot substitute for an individualized inquiry on the record. We will not infer what the trial court was likely thinking from stray testimony and remarks of counsel in the record. And "the court must do more than sign a judgment and sentence with boilerplate language stating that it

---

[32] Blazina, 182 Wn.2d at 830; RAP 2.5(a).

[33] See State v. Blazina, 174 Wn. App. 906, 911, 301 P.3d 492 (2013), remanded, 182 Wn.2d 827, 344 P.3d 680 (2015).

[34] RAP 2.5(a); see State v. Duncan, No. 90188-1, 2016 WL 1696698, at *3 (Wash. Apr. 28, 2016) (listing cases since Blazina that the court has remanded for resentencing for proper consideration of defendant's ability to pay LFOs).

engaged in the required inquiry."[35] Exercising our discretion to reach Whitmore's unpreserved assignment of error, we hold that the trial court did not conduct the inquiry RCW 10.01.160(3) requires before it imposed discretionary LFOs on Whitmore. On remand, the trial court is to make an individualized inquiry into Whitmore's current and future ability to pay discretionary LFOs.[36]

## Conclusion

We affirm the trial court's admission of res gestae evidence that the deputies who arrested Whitmore were acting on a request from another agency and an outstanding arrest warrant. Because the trial court did not inquire into Whitmore's present and future ability to pay LFOs, we remand for resentencing on discretionary LFOs.

_Leach, J._

WE CONCUR:

_Trickey, ACJ_                          _Cox, J._

---

[35] Blazina, 182 Wn.2d at 838.
[36] The trial court must impose mandatory LFOs regardless of Whitmore's ability to pay. State v. Lundy, 176 Wn. App. 96, 103, 308 P.3d 755 (2013).