# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) ) | DIVISION ONE |
|  | ) | No. 72582-3-I |
| VINH QUANG TRAN, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | FILED: October 2, 2017 |
|  | ) |  |

DWYER, J. — Vinh Quang Tran filed this personal restraint petition challenging his 2008 convictions resulting from a plea agreement. Tran contends that he was sentenced pursuant to an incorrect offender score, that he was unlawfully subject to double jeopardy, and that he can raise these claims in this belated petition because his judgment and sentence document is invalid on its face.

With regard to the offender score claim, Tran does not establish that the judgment is invalid on its face. This is so because a lawful sentence was imposed upon him. Thus, that claim must be dismissed as time-barred. Furthermore, with regard to Tran's double jeopardy claim, his petition is—at best—a mixed petition. Mixed petitions must be dismissed in their entirety.

Accordingly, we dismiss the petition.

I

In April of 2005, Tran entered into a plea agreement whereby he agreed to plead guilty to committing one count of assault in the first degree, one count of assault in the second degree, two counts of burglary in the first degree, and two counts of robbery in the first degree. After agreeing to plead guilty, Tran absconded from Washington. He was arrested three years later in Texas.

On August 11, 2008, Tran was brought before the superior court for sentencing and for judgment to be entered against him. At sentencing, the court calculated an offender score for each of Tran's six offenses of conviction. Tran's offender scores were based on a prior juvenile violent felony conviction and the five other current felony convictions addressed in the plea agreement.

As reflected in the judgment and sentence document, Tran's offender score for the assault in the first degree offense was calculated to be 13 and his offender score for each of the remaining offenses was calculated to be 12. As a result, the judgment and sentence reflects the standard sentencing range applicable to each offense's seriousness level measured against an offender score of "9 or more."

The court imposed sentence upon Tran for each offense at the highest point of the respective standard ranges.[1]

On August 27, 2014, Tran filed this personal restraint petition.

---

[1] The standard range sentences imposed on the burglary and robbery offenses reflected a 60-month deadly weapon enhancement.

II

Tran contends that the judgment and sentence is invalid on its face because his offender scores were miscalculated. We disagree.

A

As a preliminary matter, we must determine whether Tran's personal restraint petition is timely. It is not.

The relevant statute provides:

(1) *No petition* or motion for collateral attack on a judgment and sentence in a criminal case *may be filed more than one year after the judgment becomes final* if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
    (2) For the purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.
    (3) For the purposes of this section, a judgment becomes final on the last of the following dates:
        (a) *The date it is filed with the clerk of the trial court;*
        (b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or
        (c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

RCW 10.73.090 (emphasis added).

The judgment and sentence herein, predicated on Tran's plea agreement, became final when it was filed with the clerk of the court on August 11, 2008. Tran filed this personal restraint petition over six years later, on August 27, 2014. Thus, Tran's personal restraint petition is untimely.

B

Having established that Tran's petition is untimely, we now address Tran's asserted ground for relief from the one-year time bar.[2]

Tran contends that the judgment and sentence is invalid on its face because the superior court miscalculated his offender scores. Tran is wrong.

1

Our Supreme Court has instructed that "[g]enerally speaking, a judgment and sentence is not valid on its face if it demonstrates that the trial court did not have the power or the statutory authority to impose the judgment or sentence. 'Invalid on its face' does *not* mean that the trial judge committed some legal error." In re Pers. Restraint of Scott, 173 Wn.2d 911, 916, 271 P.3d 218 (2012). "Thus, the general rule is that a judgment and sentence is not valid on its face if the trial judge actually exercised authority (statutory or otherwise) it did not have."

---

[2] RCW 10.73.100 sets forth specific grounds for relief to which the one-year time bar does not apply. It reads as follows:

**Collateral attack—When one year limit not applicable.** The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Scott, 173 Wn.2d at 917. "Otherwise, a judgment and sentence is valid on its face even if the petitioner can show some error that might have received relief if brought on direct review or in a timely personal restraint petition." Scott, 173 Wn.2d at 917.[3]

> Our Supreme Court reiterated this rule shortly thereafter:

> Not every error will make a judgment facially invalid. As we recently reaffirmed in In re Personal Restraint of Coats, 173 Wn.2d 123, 135, 267 P.3d 324 (2011), this court has never held a judgment facially invalid so long as it did not exceed the sentencing court's statutory authority. We see no reason to break with our precedent today.
> For a judgment to exceed the court's statutory authority, we require more than an error that "invite[s] the court to exceed its authority"; the sentencing court must actually pass down a sentence not authorized under the SRA.[4] Coats, 173 Wn.2d at 136. Therefore, we have held that where the sentencing court misstated the maximum sentence but actually handed down a sentence within the SRA-mandated sentencing range, the sentencing court acted within its statutory authority and an untimely personal restraint petition could not proceed. Id. at 143. In other words, a mere "technical misstatement that had no actual effect on the rights of the petitioner" does not establish facial invalidity. In re Pers. Restraint of McKiearnan, 165 Wn.2d 777, 783, 203 P.3d 375 (2009).

In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 767, 297 P.3d 51 (2013).

In applying this rule, our Supreme Court has focused on whether the court erred by exceeding its statutory authority, not on whether the judgment and sentence contains a defect. Thus, in Coats, our Supreme Court considered

---

[3] Although the justices of our Supreme Court issued a divided opinion in Scott, each justice accepted Justice Chambers' citation of this general rule. This includes both the concurring justices, who brokered no disagreement with this language in their concurrences, and the dissenting justices, who quoted In re Personal Restraint of Coats, 173 Wn.2d 123, 135, 267 P.3d 324 (2011), for the same proposition: "'[A] careful review of our cases reveals that we have found errors rendering a judgment invalid under RCW 10.73.090 only where a court has in fact exceeded its statutory authority in entering the judgment or sentence.'" Scott, 173 Wn.2d at 925 (C. Johnson, J., dissenting) (alteration in original) (quoting Coates, 173 Wn.2d at 135).

[4] Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW.

petitioner Coats' contention that the judgment and sentence was facially invalid.

The court, "with these principles in mind," determined that,

> Coats is correct that his judgment and sentence contains an error. It misstated the maximum possible sentence for conspiracy to commit robbery as life when, in fact, the maximum sentence for that crime is 10 years. There is a defect in the judgment and sentence. But as we have discussed above, not every error renders a judgment and sentence invalid. Only where the court has erred by exceeding its authority has this court found the error rendered the judgment and sentence invalid. . . . While the judgment and sentence misstated the maximum possible sentence for one count, Coats was in fact sentenced within the standard range of possible sentences for that offense. The court did not exceed its authority and the judgment and sentence is not facially invalid. Therefore, Coats's petition is time barred.

Coats, 173 Wn.2d at 143.

Our Supreme Court applied this principle similarly in Toledo-Sotelo, 176 Wn.2d 759. There, the judgment and sentence contained a defect because it set forth an offender score of 3 (rather than 4) and a seriousness level of XII (rather than X). It also set forth a standard range of 120 to 160 months but the text setting forth "120 to 160" was scratched out and, adjacent thereto, "72-96" was interlineated by hand. Toledo-Sotelo, 176 Wn.2d at 763, 767. The superior court therein imposed a sentence of 84 months. Toledo-Sotelo, 176 Wn.2d at 763.

Our Supreme Court reasoned that,

> the proper sentencing range under the SRA is 72 to 96 months—precisely the sentencing range the trial court entered in its judgment and sentence. In addition, the actual sentence Toledo-Sotelo received was 84 months, in the precise middle of the standard range. In other words, the trial court reached the *result* required by the SRA, even if it made an error in the *process* leading up to that result. That is all this court has required because the only role of the offender score in the SRA is to determine the sentencing range, and for purposes of facial invalidity, we are interested in whether the sentencing range is accurately calculated.

> For an erroneous offender score to poison an otherwise accurate and statutorily authorized sentencing range would not advance any policy purpose articulated in RCW 9.94A.010.

Toledo-Sotelo, 176 Wn.2d at 768 (footnote omitted) (emphasis added).

The judgment and sentence was not invalid on its face, the Supreme Court held, because "the sentencing court arrived at the correct sentencing range *despite the error.*" Toledo-Sotelo, 176 Wn.2d at 768 (emphasis added). Indeed, "[d]espite the errors in Toledo-Sotelo's judgment and sentence, he was sentenced according to the correct standard range under the SRA. Toledo-Sotelo's judgment and sentence was valid on its face, and his petition is time barred." Toledo-Sotelo, 176 Wn.2d at 770.

## 2

Tran contends that the judgment and sentence he attacks is invalid on its face because the sentences imposed were based on offender scores that erroneously included a juvenile felony conviction that should not have been scored.[5] The State responds that the judgment and sentence remains valid on its face, notwithstanding the error. This is so, the State contends, because the judgment and sentence reflects that the superior court did not exceed its statutory authority in imposing sentence against Tran. We agree.

The superior court's authority to impose sentence is derived from the SRA and its amendments, codified at chapter 9.94A RCW. For the felony offenses here at issue, the standard sentencing ranges are set forth in a sentencing grid

---

[5] The State concedes that Tran's juvenile conviction for robbery in the first degree, which he committed at age 14, should not have been scored.

and are derived from an offender score—calculated from the offender's prior and current criminal history—and the seriousness level of the offense. See RCW 9.94A.510. As is evident from the sentencing grid, the standard sentencing range increases as the seriousness level and offender score increase. See RCW 9.94A.510.

Notably, however, when an offender has an offender score that is equal to 9 or greater, the SRA treats such a score as "9 or more." RCW 9.94A.510. This is significant because, when an offender score is categorized as "9 or more," the standard range sentence authorized by the SRA at each seriousness level *is the same*, regardless of whether the offender score is 9, 10, 11, 12, or 13 (and so on). RCW 9.94A.510.

Here, the judgment and sentence reflects that the superior court imposed sentence for each of Tran's offenses at the highest point in the respective standard sentencing ranges. The standard sentencing ranges were those authorized pursuant to each offense's seriousness level measured against an offender score of "9 or more."

In fact, the proper offender score for each of Tran's convictions was 10, rather than 12 or 13.

Tran thus asserts that the offender score defects render his judgment and sentence invalid on its face. "But again, our test is concerned with the facial validity of the *judgment and sentence*, not the process by which the sentencing court arrives at that judgment." Toledo-Sotelo, 176 Wn.2d at 769. "[A] mere 'technical misstatement that had no actual effect on the rights of the petitioner'

does not establish facial invalidity." Toledo-Sotelo, 176 Wn.2d at 767 (quoting McKiearnan, 165 Wn.2d at 783).

The judgment and sentence is valid on its face. Tran's argument ignores that, regardless of the superior court's erroneous inclusion of the juvenile conviction, an offender score of 10 results in an offender score of "9 or more." This is significant because, on the face of Tran's judgment and sentence, it is evident that the superior court determined the standard sentencing ranges to apply based on an offender score of "9 or more."

Thus, Tran was sentenced pursuant to the correct standard ranges. Notwithstanding the defect in the judgment and sentence, the superior court "reached the *result* required by the SRA," and the judgment and sentence is thereby valid on its face. Toledo-Sotelo, 176 Wn.2d at 768.

Accordingly, Tran's claim is time-barred.

III

Tran next contends that he was exposed to double jeopardy as a result of having both the burglary in the first degree and robbery in the first degree convictions reduced to judgment with sentences for each imposed upon him.

We need not address the merits of this claim. This is so because, even if Tran established that this claim was not time-barred (which we also need not decide), his petition must be dismissed pursuant to the mixed petition rule.

> In a personal restraint petition filed after the one-year time bar, where one or more of the grounds asserted for relief falls within the exceptions in RCW 10.73.100 and one or more does not, the petition is "mixed" and the issues sought to be raised under an exception listed in RCW 10.73.100 must be dismissed. See In re Pers. Restraint of Turay, 150 Wn.2d 71, 85-86, 74 P.3d 1194

(2003); In re Pers. Restraint of Hankerson, 149 Wn.2d 695, 697, 702-03, 72 P.3d 703 (2003); [In re Pers. Restraint of ]Stoudmire, 141 Wn.2d [342, ]349[, 5 P.3d 1240 (2000)].

In re Pers. Restraint of Wilson, 169 Wn. App. 379, 395, 279 P.3d 990 (2012).

Our opinion in Wilson guides our analysis. There, the petitioner asserted grounds for relief of insufficiency of the evidence and prosecutorial misconduct. We declined to consider the merits of the insufficiency claim, concluding that,

> [e]ven though a claim for insufficiency of the evidence is listed in RCW 10.73.100 as an exception to the one-year time limit, Wilson's claim cannot be heard because it was "mixed" or included in an untimely amended petition with a claim of prosecutorial misconduct that does not fit any exception to the one-year time limit.

Wilson, 169 Wn. App. at 395. As a result, we dismissed Wilson's petition. Wilson, 169 Wn. App. at 395.

Here, Tran asserts a double jeopardy claim—which is listed in RCW 10.73.100 as an exception to the one-year time bar—in conjunction with the time-barred offender score issue analyzed herein. Therefore, his petition is—at best—mixed. We must dismiss his petition. Wilson, 169 Wn. App. at 395.

Accordingly, Tran's petition is dismissed.

We concur:

- 10 -