IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | |
| | ) | No. 39758-1-III |
| PAUL BRATCHER, | ) | |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |
| | ) | |

STAAB, A.C.J. — More than a year after Paul Bratcher's conviction became final, he filed this personal restraint petition, arguing that two conditions of his community custody, one that appears to give the community corrections officer (CCO) unfettered discretion to set Bratcher's geographic boundaries and the other that prohibits all Internet usage, are unconstitutionally vague and overbroad. We agree that the conditions are unconstitutional, that they render Bratcher's judgment and sentence invalid on its face, and that Bratcher has demonstrated prejudice. We accordingly grant his petition and remand for the trial court to correct the conditions of his community custody.

BACKGROUND

In 2012, Bratcher pleaded guilty to one count of second degree child rape and one count of third degree child rape. The sentencing court imposed an indeterminate sentence of 136 months to life. The court also imposed several community custody conditions,

No. 39758-1-III
*In re Pers. Restraint of Bratcher*

including requiring Bratcher to "[r]emain within geographic boundary, as set forth in writing by the Community Corrections Officer" and that he "no[t] access the Internet." App. No. 5 at 73.[1]

Eleven years later, Bratcher filed a personal restraint petition with this court challenging these terms of community custody.

ANALYSIS

1.    TIMELINESS

As an initial matter, we consider whether Bratcher's personal restraint petition is time-barred. Bratcher filed this personal restraint petition on June 5, 2023—more than one year from when the judgement and sentence was filed in September 2012. Under RCW 10.73.090(1), a collateral attack against a defendant's judgment and sentenced may not be brought "more than one year after the judgment becomes final if the judgment and sentence is valid on its face." The petition is therefore barred as untimely under RCW 10.73.090(1) unless the judgment is facially invalid or was entered without competent jurisdiction, or the petition is based solely on one or more of the exceptions to the time bar as set forth in RCW 10.73.100(1)-(6). *In re Pers. Restraint of McKiearnan*, 165 Wn.2d 777, 781, 203 P.3d 375 (2009).

---

[2] Bratcher raises several other challenges to these community custody conditions, including that they are not crime related. Because we find that the conditions are unconstitutional and remand, we decline to address these additional arguments. On remand, Bratcher may raise these arguments before the sentencing court.

2

"A judgment is facially 'invalid' if the trial court exercised power that it did not have, most typically by exceeding its substantive or statutory authority, as opposed to its procedural authority." *State v. Fletcher*, 19 Wn. App. 2d 566, 573, 497 P.3d 886 (2021). To be facially invalid requires that "the judgment and sentence evidences the invalidity without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002).

The conditions of community custody that Bratcher challenges are apparent from the face of the judgment and sentence. Moreover, because we conclude that they are unconstitutionally vague as written, this renders the judgment and sentence facially invalid and exempt from the one-year time bar.

2. COMMUNITY CUSTODY CONDITIONS

To obtain relief in a personal restraint petition based on constitutional errors the petitioner must show, by a preponderance of the evidence, actual and substantial prejudice resulting from the alleged errors. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 814, 792 P.2d 506 (1990). To avoid dismissal, the petitioner must support claims with facts and not merely bald or conclusory allegations. *Id.* at 813-14. The supporting evidence must be based on "more than speculation, conjecture, or inadmissible hearsay," and failure to meet this standard calls for dismissal of the petition. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). This court will dismiss a petition if it "fails to present an arguable basis for collateral relief either in law or in fact, given the

3

constraints of the personal restraint petition vehicle." *In re Pers. Restraint of Khan*, 184

Wn.2d 679, 686-87, 363 P.3d 577 (2015).

Bratcher challenges two conditions of community custody imposed by the trial

court:

> (9) Remain within geographic boundary, as set forth in writing by the
>     Community Corrections Officer.
> (19) That you do no [sic] access the Internet.

App. No. 5 at 73. He argues that both conditions are unconstitutional and requests this

court remand so that the conditions can be modified.[2]

*Geographic Restrictions*

First, Bratcher contends that the geographic boundary condition is invalid because

it is unconstitutionally vague. "A condition of community custody is unconstitutionally

vague if it either fails to give fair warning of what is forbidden or fails to give

ascertainable standards that will prevent arbitrary enforcement." *State v. Johnson*, 197

Wn.2d 740, 747, 487 P.3d 893 (2021). "'If persons of ordinary intelligence can

understand what the [law] proscribes, notwithstanding some possible areas of

disagreement, the [law] is sufficiently definite.'" *Id.* at 747 (alterations in original)

---

[2] Bratcher raises several other challenges to these community custody conditions, including that they are not crime related. Because we find that the conditions are unconstitutional and remand, we decline to address these additional arguments. On remand, Bratcher may raise these arguments before the sentencing court.

(internal quotation marks omitted) (quoting *State v. Bahl*, 164 Wn.2d 739, 754, 193 P.3d 678 (2008)).

Courts have determined that community custody conditions that defer to a CCO to outline terms or definitions are unconstitutionally vague as they do not protect against arbitrary enforcement. *See Bahl*, 164 Wn.2d at 753-54 (condition prohibiting access and possession of pornographic materials "as directed by the supervising Community Corrections Officer" failed to protect against arbitrary enforcement); *State v. Irwin*, 191 Wn. App. 644, 655, 364 P.3d 830 (2015) (holding that geographic boundary condition requiring CCO to define locations where "children are known to congregate" leaves condition open to arbitrary enforcement and therefore renders it void for vagueness). A condition that gives a CCO such discretion "only makes the vagueness problem more apparent, since it virtually acknowledges that on its face it does not provide ascertainable standards for enforcement." *Bahl*, 164 Wn.2d at 758.

Here, the community custody condition requires Bratcher to remain within the "geographic boundary" set by his CCO. It does not provide any guidance or clarification regarding the geographic boundaries to be set such that an ordinary person would understand the conduct proscribed or otherwise define "geographic boundary." Further, it appears to give the CCO unfettered discretion to set geographic boundaries, risking arbitrary enforcement. Thus, the condition is unconstitutionally vague on its face as it

both fails to give Bratcher fair warning of the conduct that is forbidden and does not provide ascertainable standards to protect against arbitrary enforcement.

The State maintains that the geographic boundary issue is not ripe because Bratcher "[has] not indicate[d] whether he has requested travel outside the DOC-described geographic boundary or where the geographic boundary is." Br. of Resp't at 11. The State argues that further factual development is necessary to determine whether, as applied, the geographic boundary condition is unconstitutional. We disagree. "Preenforcement challenges to community custody conditions are ripe for review when the issue raised is primarily legal, further factual development is not required, and the challenged action is final." *State v. McWilliams*, 177 Wn. App. 139, 153, 311 P.3d 584 (2013).

Here, Bratcher is challenging the travel restriction as unconstitutionally vague. This is primarily a legal question. *State v. Valencia*, 169 Wn.2d 782, 788, 239 P.3d 1059 (2010). "In many cases, vagueness questions will be amenable to resolution as questions of law." *Bahl*, 164 Wn.2d at 752.

Nor does the issue require further factual inquiry. "[T]he question of whether the condition is unconstitutionally vague does not require further factual development." *Valencia*, 169 Wn.2d at 788-89. Whether the condition gives unfettered discretion to the CCO is not an analysis that will change with application of the condition.

We conclude that condition (9) is unconstitutionally vague.

*Internet Use*

Second, Bratcher argues that the community custody condition prohibiting him from accessing the Internet violates his First Amendment to the United States Constitution rights under the federal constitution and is unconstitutionally overbroad. He requests this court order the trial court to modify the blanket ban and authorize him to use the Internet provided he installs a monitoring software. Although it contests some of Bratcher's arguments, the State ultimately agrees that this court should order the trial court to amend the condition to comport with the requirements of the First Amendment as outlined in *Johnson.* 197 Wn.2d 740.

Community custody conditions that restrict Internet access implicate the First Amendment. *Id.* at 744. "Judges may restrict a convicted defendant's access to the Internet, but those restrictions must be narrowly tailored to the dangers posed by the specific defendant." *Id.* at 745.

In *Johnson*, our Supreme Court upheld a community custody condition, stating that "Johnson shall 'not use or access the World Wide Web unless specifically authorized by [his community custody officer] through approved filters.'" *Id.* at 744 (alteration in original). However, the court indicated that a blanket prohibition on Internet use would be facially invalid as such a ban "might well reduce his ability to improve himself" and would thus be unconstitutionally overbroad. *Id.* at 746.

Here, Bratcher's conditions of community custody contain a blanket prohibition on accessing the Internet. This condition is unconstitutionally overbroad as written.

The two conditions are unconstitutional and facially invalid. Accordingly, we grant Bratcher's personal restraint petition and remand for the limited purpose of allowing the superior court to correct the two community custody conditions so that they comport with constitutional standards.

Unpublished.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, C.J.