Maxa, J.
¶1 In this personal restraint petition (PRP), Arthur Dove seeks relief from personal restraint in the form *152 of a discretionary legal financial obligation (LFO) imposed for his 2014 conviction for second degree child rape. Dove argues that the trial court erred by imposing a discretionary LFO without making an individualized inquiry into his ability to pay as required in State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015).
¶2 But Dove did not file his PRP until more than a year after his judgment became final. RCW 10.73.090(1) states that no PRP can be filed more than one year after the petitioner’s judgment becomes final unless the judgment and sentence is invalid on its face or unless one of six exceptions in RCW 10.73.100 applies.
¶3 We hold that the one-year time bar applies to Dove’s PRP because (1) under RCW 10.73.090(1), his judgment and sentence is valid on its face regarding the trial court’s imposition of a discretionary LFO; and (2) Blazina did not make a significant, material change in the law as required for application of the exception under RCW 10.73-.100(G).[1] Accordingly, we dismiss Dove’s PRP as time barred.
FACTS
¶4 In February 2014, Dove pleaded guilty to second degree child rape. The trial court entered a judgment and sentence on March 21, 2014. The trial court imposed three mandatory LFOs - a $500 crime victim assessment, a $100 DNA (deoxy-ribonucleic acid) fee, a $200 criminal filing fee - and a discretionary LFO of $500 for court-appointed attorney fees and defense costs. The judgment and sentence contained a preprinted provision stating that the sentencing court had considered Dove’s present and future ability to pay LFOs and found that Dove had the present or likely ability to pay the *153 LFOs imposed. However, the report of proceedings shows that the trial court did not actually assess Dove’s ability to pay.
¶5 Because Dove did not appeal his sentence, the judgment and sentence became final on the date of entry - March 21, 2014. RCW 10.73.090(3)(a). On July 15, 2015, more than a year later, Dove filed this PRR
ANALYSIS
¶6 Dove argues that the one-year time bar does not apply because (1) based on the “valid on its face” requirement in RCW 10.73.090(1), the trial court’s imposition of LFOs without assessing his ability to pay was beyond its statutory authority and renders his judgment and sentence invalid on its face; and (2) based on the exception in RCW 10.73.100(6), Blazina made a significant, material change in the law that applies retroactively to his case. We disagree.
A. Legal Principles
1. Standards for PRPs
¶7 A PRP is not a substitute for a direct appeal, and the availability of collateral relief is limited. In re Pers. Restraint of Grasso, 151 Wn.2d 1, 10, 84 P.3d 859 (2004). “Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment.” In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011).
¶8 RAP 16.4 states the requirements for obtaining relief through a PRP RAP 16.4(a) provides,
Except as restricted by section (d), the appellate court will grant appropriate relief to a petitioner if the petitioner is under a “restraint” as defined in section (b) and the petitioner’s restraint is unlawful for one or more of the reasons defined in section (c).
*154 Under RAP 16.4(b), a petitioner is under restraint if the petitioner has limited freedom, is confined, is subject to imminent confinement, or is “under some other disability resulting from a judgment or sentence in a criminal case.”[2] In addition, to be entitled to relief on a PRP, a petitioner must establish by a preponderance of the evidence that there was a constitutional error that resulted in actual and substantial prejudice or that there was a nonconstitutional error involving a fundamental defect that inherently results in a complete miscarriage of justice. Coats, 173 Wn.2d at 132.
2. One-Year Time Bar
¶9 RCW 10.73.090(1) states that no PRP can be filed more than one year after the petitioner’s judgment becomes final if the judgment and sentence is “valid on its face.” This means that the one-year time bar is inapplicable if the sentencing court commits an error that renders the judgment invalid on its face. See Coats, 173 Wn.2d at 135.
¶10 RCW 10.73.100 provides six exceptions to the one-year time bar for PRPs. The exception at issue here is stated in RCW 10.73.100(6), which applies when there has been a “significant change in the law” that is “material to the . . . sentence” and a court determines that “sufficient reasons exist to require retroactive application” of the changed law.
3. Standard of Review
¶11 When a PRP raises pure questions of law, we review those questions de novo. Coats, 173 Wn.2d at 133. Similarly, we review issues of statutory interpretation de novo. State v. Franklin, 172 Wn.2d 831, 835, 263 P.3d 585 (2011).
¶12 The primary goal of statutory interpretation is to determine and give effect to the legislature’s intent, which we determine by looking to the plain language of the *155 statute. State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013). To discern legislative intent we focus on the plain meaning of the statutory language, considering the text of the provision at issue, the context of the provision within the statute, related provisions, and the statutory scheme as a whole. Id. If the plain meaning of a statute is unambiguous, we must apply that plain meaning without further construction. Id.
B. Imposition of Discretionary LFOs
¶13 A sentencing court has authority to impose two types of LFOs: mandatory and discretionary. The trial court here imposed both types. Dove challenges only the trial court’s imposition of a discretionary LFO without assessing his ability to pay.
¶14 RCW 10.01.160(1)[3] states that the sentencing court “may” require the defendant to pay “costs.” Under RCW 10.01.160(2), these costs are expressly limited to “expenses specially incurred by the state in prosecuting the defendant.” See State v. Smits, 152 Wn. App. 514, 521, 216 P.3d 1097 (2009). Court-appointed attorney fees and defense costs are specially incurred by the State in prosecuting the defendant and therefore constitute costs under RCW 10.01-.160.[4] See id. at 519 (stating that RCW 10.01.160 allows courts to require defendants to pay costs, including fees for court appointed counsel). Use of the term “may” in RCW 10.01.160(1) means that the trial court has discretion whether to impose costs under that statute. See State v. Curry, 118 Wn.2d 911, 916, 829 P.2d 166 (1992) (holding that the imposition of costs is within the sentencing court’s discretion).
*156 ¶15 RCW 10.01.160(3) states that the sentencing court “shall not order a defendant to pay costs unless the defendant is or will be able to pay them.” In Blazina, the Supreme Court held that RCW 10.01.160(3) requires the sentencing court to make an individualized inquiry into a defendant’s current and future ability to pay before imposing discretionary LFOs. 182 Wn.2d at 838. The court emphasized that in order to comply with RCW 10.01.160(3), the sentencing court must do more than “sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry.” Id.
C. “Valid on Its Face” Requirement - RCW 10.73.090(1)
¶16 Dove argues that the one-year time bar of RCW 10.73.090(1) does not apply because the trial court’s judgment imposing a discretionary LFO was invalid on its face. We disagree.
1. Legal Principles
¶17 Under RCW 10.73.090(1), no PRP can be filed more than one year after the petitioner’s judgment becomes final unless the judgment is invalid on its face. The general rule is that a sentence is invalid on its face if the sentencing court lacked or exceeded its statutory authority to impose the sentence. In re Pers. Restraint of Stockwell, 179 Wn.2d 588, 593, 316 P.3d 1007 (2014).
¶18 In Coats, the court emphasized that in making the facial validity determination, it historically has not limited its review to the four corners of the judgment and sentence. 173 Wn.2d at 138. Instead, the court has considered “documents that reveal some fact that shows the judgment and sentence is invalid on its face because of legal error.” Id. at 138-39. On the other hand, the court noted that it has not considered “trial rulings, motions, or jury instructions when they reflect on fair trial issues and not the validity of the judgment and sentence.” Id. at 140-41. In summary, the court stated:
*157 Taken together, we have found invalidity based upon charging documents, verdicts, and plea statements of defendants on plea of guilty. We have not rested our decision on jury instructions, trial motions, and other documents that relate to whether the defendant received a fair trial.
Id. at 140.[5]
¶19 The Supreme Court elaborated on these statements in In re Personal Restraint of Carrier, 173 Wn.2d 791, 272 P.3d 209 (2012). After discussing Coats, the court stated:
Our precedent should not be read to impose a bright-line rule or an exhaustive list of documents that we may consider in determining whether a judgment and sentence is “valid on its face.” RCW 10.73.090(1). Rather, it permits consideration of documents that bear on the trial court’s authority to impose a valid judgment and sentence.
Carrier, 173 Wn.2d at 800.
2. Facial Validity Analysis
 ¶20 Dove argues that his judgment and sentence is invalid on its face because the trial court did not have authority to impose LFOs without making an individualized inquiry into his ability to pay. We agree that a sentencing court exceeds its statutory authority by imposing costs under RCW 10.01.160(1) without assessing the defendant’s ability to pay those costs. But here, the judgment and sentence expressly states that the trial court did consider *158 Dove’s ability to pay. Therefore, the sentence on its face reflects that the sentencing court acted with statutory authority.
a. Statutory Authority to Impose Discretionary LFOs
¶21 Under RCW 10.01.160(1), a sentencing court has general authority to require a defendant to pay costs. But RCW 10.01.160(3) further states that “[t]he court shall not order a defendant to pay costs unless the defendant is or will be able to pay them.” (Emphasis added.) In making this determination, the sentencing court must “take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.” RCW 10.01.160(3).
¶22 So in determining a sentencing court’s authority to impose costs in a particular case, RCW 10.01.160(1) must be read in conjunction with RCW 10.01.160(3). Under the plain language of these provisions, a sentencing court does not have authority - the statute states “shall not” - to order a defendant to pay costs unless the defendant is or will be able to pay them after taking into account the defendant’s financial resources. RCW 10.01.160(3) (emphasis added). Therefore, based on the unambiguous statutory language, a sentencing court exceeds its statutory authority in a particular case by imposing costs under RCW 10.01.160(1) without assessing the defendant’s current and future ability to pay those costs.[6]
b. Language of Judgment and Sentence
¶23 Dove argues that the trial court here did not have authority to impose discretionary LFOs because it did not *159 make an individualized inquiry into his ability to pay as Blazina requires. But the language of the judgment and sentence states otherwise. The judgment and sentence includes the following “boilerplate” provision regarding LFOs:
The court has considered the total amount owing, the defendant’s past, present and future ability to pay legal financial obligations, including the defendant’s financial resources and the likelihood that the defendant’s status will change. The court finds that the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein.
Clerk’s Papers at 41. On its face, this provision states that the trial court did assess Dove’s ability to pay and therefore establishes that the trial court had statutory authority under RCW 10.01.160(1) and (3) to impose discretionary LFOs.
¶24 Dove points out that despite the language of the judgment and sentence, the trial court did not in fact make an individualized inquiry into his ability to pay discretionary LFOs. In other words, he claims that the report of proceedings is insufficient to support the trial court’s finding regarding his ability to pay LFOs. He argues that under Coats, we can consider the report of proceedings of the sentencing hearing to determine whether the record supports the sentencing court’s boilerplate finding regarding his ability to pay. Because the report of proceedings does not support that finding, Dove argues that we must find that the sentencing court did not have statutory authority to impose discretionary LFOs and therefore that the judgment and sentence was invalid on its face.
¶25 As discussed above, Supreme Court cases confirm that appellate courts evaluating facial validity can consider certain documents to determine whether a sentencing court had authority to impose a particular sentence. Carrier, 173 Wn.2d at 800; Coats, 173 Wn.2d at 138-41. But no case holds that a court can find facial invalidity based on a review of the report of proceedings from a sentencing *160 hearing. And no case allows a court to find facial invalidity based on a determination that the report of proceedings from the sentencing hearing does not support an express finding that the sentencing court made on the face of the judgment and sentence.
¶26 Dove relies on Blazina’s holding that a sentencing court must do more than sign a judgment and sentence with a boilerplate finding in order to comply with RCW 10.01-.160(3). See Blazina, 182 Wn.2d at 838. However, this holding does not address facial invalidity. The court in Blazina correctly noted that entry of a judgment and sentence containing a boilerplate finding that the sentencing court assessed the defendant’s ability to pay LFOs does not show that the court in fact made such an assessment. But inclusion of a boilerplate finding also does not necessarily mean that the sentencing court failed to make an adequate assessment. Therefore, on the face of the judgment and sentence here, there is no way to conclude that the trial court did not make an individualized inquiry into Dove’s ability to pay.
¶27 Blazina stands for the proposition that whether the trial court complied with RCW 10.01.160(3) depends on whether there is substantial evidence in the record to support the boilerplate finding in the judgment and sentence regarding ability to pay LFOs. But Blazina involved a direct appeal, not a PRP subject to the statutory time bar. The court in Blazina did not hold that inclusion of a boilerplate finding regarding the defendant’s ability to pay renders the judgment and sentence invalid on its face.
c. Conclusion
¶28 Although a sentencing court has general authority to impose discretionary LFOs, a sentencing court does not have statutory authority to impose discretionary LFOs in a particular case without assessing the defendant’s ability to pay. But the judgment and sentence here expressly stated that the trial court did consider Dove’s financial circum *161 stances and found that he did have the ability to pay discretionary LFOs. Whether or not the record actually supports the trial court’s finding is not a question of facial invalidity. Therefore, we hold that Dove’s judgment and sentence was valid on its face and the one-year time bar precludes his PRP unless an exception applies.
D. Change in the Law Exception - RCW 10.73.100(6)
¶29 Dove argues that the exception to the one-year time bar in RCW 10.73.100(6) applies because Blazina constituted a significant change in the law that should be applied retroactively. We disagree.
1. Legal Principles
 ¶30 Under RCW 10.73.100(6), a petitioner must satisfy three conditions for the “significant change in the law” exception to the one-year time bar to apply: (1) a significant change in the law (2) that is material and (3) that the court determines should be applied retroactively. State v. Miller, 185 Wn.2d 111, 114, 371 P.3d 528 (2016). A significant change in the law occurs “when an intervening appellate decision overturns a prior appellate decision that was determinative of a material issue.” Id. “Conversely, an intervening appellate decision that ‘settles a point of law without overturning prior precedent’ or ‘simply applies settled law to new facts’ does not constitute a significant change in the law.” Id. at 114-15 (quoting In re Pers. Restraint of Turay, 150 Wn.2d 71, 83, 74 P.3d 1194 (2003)).
¶31 One test for whether an intervening decision represents a significant change in the law is whether the petitioner could have asserted the same argument as in the PRP before publication of the decision. Miller, 185 Wn.2d at 115.
2. Change in the Law Analysis
¶32 In 1976 the legislature enacted RCW 10.01-.160(3), which stated:
*162 The court shall not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose.
Laws of 1976, 2d Ex. Sess, ch. 96, § 1(3). The only change in the subsection since that time has been replacing “sentence” with “order” in the first line. Laws of 2007, ch. 367, § 3. For 40 years this statute has unambiguously required the sentencing court to determine if the defendant can or will be able to pay costs before imposing them. Blazina did not overturn a prior appellate decision on the imposition of discretionary LFOs by providing some new interpretation of RCW 10.01.160(3). Instead, the Supreme Court simply confirmed what RCW 10.01.160(3) always has provided. 182 Wn.2d at 837-38. As a result, a PRP petitioner could have made the same argument Dove makes here even before Blazina was issued.
¶33 Division Three addressed this issue in In re Personal Restraint of Flippo, 191 Wn. App. 405, 410-11, 362 P.3d 1011 (2015), review granted, 185 Wn.2d 1032 (2016). The court stated:
Blazina’s primary holding that the record must reflect the sentencing judge’s individualized inquiry of the defendant’s current and future ability to pay before imposing discretionary LFOs (as opposed to merely entering a boilerplate finding on the judgment and sentence) only confirms, and does not alter, what has always been required of the sentencing court under RCW 10.01.160(3)—a statute that was enacted in 1976 and has remained unchanged.
Id. Therefore, the court held that Blazina was not a significant change in the law for the purposes of the time bar exception in RCW 10.73.100(6). Id. at 412. We agree with this analysis.
¶34 While Dove admits that Blazina did not announce a new rule, he argues that Blazina represented a significant *163 change in the law because it altered the standard trial court procedures of imposing LFOs using boilerplate language without inquiring into a defendant’s ability to pay. We acknowledge that Blazina may have changed the way counsel and trial courts viewed the existing law. But that does not mean Blazina actually changed the law.
¶35 The Supreme Court in Miller expressly rejected a similar argument. 185 Wn.2d at 115-16. In Miller, the defendant argued that In re Personal Restraint of Mulholland, 161 Wn.2d 322, 166 P.3d 677 (2007), represented a significant change in the law because it rejected practitioners’ erroneous belief, which had been relied on for years, that a sentencing court was required without exception to impose consecutive sentences for serious violent offenses. Miller, 185 Wn.2d at 115-16. The court found this argument unpersuasive, holding that (1) “a significant change in the law” contemplates a decision that overturns a prior appellate decision, and (2) Mulholland did not overturn a prior appellate decision but instead interpreted the statute at issue for the first time. Id. The court emphasized that RCW 10.73.100(6) applies only if the law itself, not counsel’s understanding of the law, has changed. Id. at 116.
¶36 As in Miller, Blazina did not overturn an appellate decision on LFOs. Instead, it interpreted the substantive requirements of RCW 10.01.160(3) for the first time. Therefore, Blazina did not represent a significant change in the law under RCW 10.73.100(6).
¶37 Dove also argues that Blazina represented a significant change in the law on whether a challenge to LFOs is ripe before the State seeks to collect them. This court held in State v. Lundy that LFO challenges are not ripe until the State attempted to enforce LFO orders. 176 Wn. App. 96, 108-09, 308 P.3d 755 (2013). Blazina stated in a footnote - without mentioning Lundy - that a challenge to LFOs is ripe for review even before the State attempts to collect them. 182 Wn.2d at 832 n.1. Even though changes in the law typically are not announced in footnotes, this footnote may represent a change in the law regarding ripeness.
*164 ¶38 We do not need to decide this issue. Even if Blazina changed the law on ripeness, the record does not show that this is a material change. This change potentially could be material only if the State had not attempted to collect the discretionary LFO during the one-year period after Dove’s judgment and sentence was final and he therefore was prevented from challenging the LFO in a timely PRP. But Dove’s judgment and sentence stated that LFO payments would commence immediately and that he was required to report to the clerk’s office within 24 hours to set up a payment plan.
¶39 We hold that Blazina did not make a significant, material change in the law and therefore that the ROW 10.73.100(6) exception to the one-year time bar is inapplicable.
CONCLUSION
¶40 The one-year time bar applies to Dove’s PRP regarding the discretionary LFO because the judgment and sentence is valid on its face and Blazina does not represent a significant change in the law regarding imposition of discretionary LFOs. Accordingly, we dismiss Dove’s PRP as time barred.
Johanson, J., concurs.

 RAP 16.4(d) also states that we can grant relief by PRP only if “other remedies which may be available to petitioner are inadequate under the circumstances.’’ The State argues that Dove’s PRP is barred because a motion to remit LFOs under RCW 10.01.160(4) is an available, adequate remedy. Because we dismiss on other grounds, we do not address this argument.

 The State does not argue that “under restraint’’ does not include the imposition of LPOs. Therefore, we do not address this issue.

 RCW 10.01.160 has been amended since the events of this case transpired. However, these amendments do not impact the statutory language relied on by this court. See Laws of 2015, 3d Spec. Sess., ch. 35, § 1. Accordingly, we do not include the word “former” before RCW 10.01.160.

 Former RCW 9.94A.030(30) (2012) defines LFOs as a sum of money that is ordered by a Washington superior court for legal financial obligations, including, but not limited to, court-appointed attorney fees and defense costs.

 The term “on its face’’ in RCW 10.73.090(1) suggests that a court should strictly limit its review to the four comers of the judgment and sentence and the applicable law. Chief Justice Madsen has advocated for this interpretation. E.g., In re Pers. Restraint of Scott, 173 Wn.2d 911, 923, 271 P.3d 218 (2012) (Madsen, C.J., concurring and dissenting in part) (“A court should not look behind the judgment and sentence and examine a charging document, special verdict form, or any other part of a petitioner’s case record to determine whether some invalidity exists that is not apparent on the face of the judgment and sentence.’’). And this interpretation seems consistent with some Supreme Court cases. E.g., In re Pers. Restraint of Clark, 168 Wn.2d 581, 585, 230 P.3d 156 (2010) (stating that “[a] judgment and sentence is not valid on its face when the judgment and sentence, without further elaboration, evidences an error’’). However, the Supreme Court has not adopted this approach.

 Division Three of this court seemed to reach the opposite conclusion in In re Personal Restraint of Flippo, 191 Wn. App. 405, 362 P.3d 1011 (2015), review granted, 185 Wn.2d 1032 (2016). The court concluded that “[t]he LFOs imposed on Mr. Flippo were all authorized by statute” and therefore held that the petitioner’s judgment and sentence was not invalid on its face. Id. at 413. But the fact that a sentencing court has general authority to impose discretionary LFOs is not determinative because RCW 10.01.160(3) expressly and unambiguously prohibits imposition of discretionary LFOs unless the defendant has the ability to pay them.