# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>RIKKI DONNELL COOPER,<br><br>                             Petitioner. | No.  48478-1-II<br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, P.J.  —  Rikki Cooper seeks relief from personal restraint resulting from his 2013 conviction for three counts of first degree child molestation.[1]  In his judgment and sentence, the trial court imposed $800 in mandatory legal financial obligations (LFOs) ($500 crime victim assessment, $200 criminal filing fee, and $100 deoxyribonucleic acid fee) and one discretionary LFO:  $1,500 in court-appointed attorney fees and defense costs.

---

[1] We issued the mandate of Cooper's direct appeal on March 26, 2015, making his January 21, 2016 petition timely filed.  RCW 10.73.090(1), (3)(b).  We stayed consideration of his petition pending the decision in *In re Personal Restraint of Dove*, 196 Wn. App. 148, 161, 381 P.3d 1280 (2016), *review denied*, 188 Wn.2d 1008 (2017).  We lifted the stay on March 23, 2018 and called for a response to the petition.

Cooper argues that his LFOs were imposed without the individualized inquiry into his current and future ability to pay them as required by *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). The State concedes that as to Cooper's discretionary LFO, Cooper is correct and that his judgment and sentence should be remanded to the trial court to conduct the required inquiry.[2] We accept the State's concession and remand Cooper's judgment and sentence to the trial court either to strike the discretionary LFO or to resentence Cooper after making the required inquiry into his current and future ability to pay a discretionary LFO.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

WORSWICK, P.J.

We concur:

BJORGEN, J.

MELNICK, J.

---

[2] A review of Cooper's sentencing hearing transcript confirms that the court did not inquire into Cooper's ability to pay, even though he asserted that he was indigent.