**FILED**
**OCTOBER 1, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 36421-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RANDALL GONZALEZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Randall Gonzalez appeals from the judgment and sentence imposed for his Grant County conviction of unlawful imprisonment. His sole contention is that recent caselaw requires striking of the $200 court-appointed attorney fee that the court assessed as a legal financial obligation (LFO). We remand for the court to strike the attorney fee.

In light of the limited issue raised, the facts leading to the conviction are unimportant to the appeal. Mr. Gonzalez pleaded guilty to the unlawful imprisonment charge in 2006. The court imposed a first time offender waiver and sentenced Mr. Gonzalez to 51 days of confinement. The court imposed LFOs totaling $700, including a $500 victim assessment and a $200 court-appointed attorney fee. Mr. Gonzalez did not

appeal the judgment and sentence until November 2, 2018. Our commissioner granted

Mr. Gonzalez's motion to enlarge the time to file the notice of appeal on grounds he had

not been advised during the 2006 proceedings of his right to appeal from the judgment

and sentence. The trial court found Mr. Gonzalez indigent for purposes of this appeal.

Mr. Gonzalez's sole contention is that the $200 court-appointed attorney fee must

be struck from his judgment and sentence based on *State v. Ramirez*, 191 Wn.2d 732, 426

P.3d 714 (2018). The State accepts and adopts the facts stated in Mr. Gonzalez's brief,

but waives any argument on the issue.

The Washington Legislature in March 2018 enacted Engrossed Second Substitute

House Bill 1783 (H.B. 1783), which amended RCW 10.01.160(3) to prohibit the

imposition of discretionary costs on a defendant who was indigent at the time of

sentencing. LAWS OF 2018, ch. 269, § 6(3); *Ramirez*, 191 Wn.2d at 739. H.B. 1783 was

effective as of June 7, 2018, and applies prospectively to cases such as this that were not

final when the amendments were enacted. *Id.* at 738, 749.

The court-appointed attorney fee is a discretionary cost. *See In re Pers. Restraint

of Dove*, 196 Wn. App. 148, 155, 381 P.3d 1280 (2016). Because Mr. Gonzalez had

court appointed counsel below, we presume he was indigent when he was sentenced in

2006. The $200 court-appointed attorney fee should be struck pursuant to *Ramirez*.

2

No. 36421-6-III
*State v. Gonzalez*

Remanded.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

WE CONCUR:

_Siddoway, J._
Siddoway, J.

_Pennell, J._
Pennell, J.

3