# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of:<br><br>DMARCUS DEWITT GEORGE,<br><br>               Petitioner. | No. 52216-1-II<br><br>UNPUBLISHED OPINION |

MAXA, C.J. — In this personal restraint petition (PRP), Dmarcus Dewitt George seeks relief from personal restraint imposed for his 2014 conviction and sentence for second degree murder with a firearm enhancement. George argues that his conviction violates his due process right to fundamental fairness because the prosecutor made several improper statements during closing argument.[1]

We hold that George's PRP is time-barred under RCW 10.73.090(1), which requires a PRP to be filed within one year after the judgment becomes final. In the 2014 trial, George also was found guilty of felony murder and the trial court dismissed that charge without prejudice in the judgment and sentence on double jeopardy grounds. On appeal, this court remanded for the

---

[1] George withdrew another claim that because he was 20 years old when he committed the offense, this court in the second appeal should have applied *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), retroactively to invalidate his sentence. George withdrew this claim because the Supreme Court in *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 442 P.3d 444 (2018), ruled that *O'Dell*—which was decided after George was sentenced—did not represent a significant change in the law.

trial court to strike the language in the judgment and sentence that referred to that charge. The mandate for George's appeal was entered on July 5, 2017. The trial court entered an order correcting the judgment and sentence on July 31, 2017, and George filed this PRP on July 31, 2018.

We conclude that the one-year time limit for George's PRP began when this court issued its mandate on July 5, 2017 because the trial court's correction order did not involve the exercise of independent judgment. Accordingly, we dismiss George's PRP as untimely.

FACTS

On June 21, 2004, George shot and killed another person during an altercation at a gas station in Tacoma. The State charged George with one count of first degree premeditated murder and one count of second degree felony murder.

At George's first trial, the trial court denied his motion to instruct the jury on self-defense. A jury found George guilty of the lesser included offense of first degree manslaughter and second degree felony murder. George appealed. We reversed the trial court's decision to not instruct the jury on self-defense and remanded the case for a new trial.

On remand, a jury found George guilty of one count of second degree intentional murder (count I) and one count of second degree felony murder (count II). The court entered judgment on the jury's verdict for count I. The judgment and sentence also stated: "The court DISMISSES *without prejudice* Count II, the guilty verdict for Murder 2 w/FASE[2], on double jeopardy grounds given the conviction for Count I." PRP Appendix A (emphasis added).

George appealed his conviction and sentence. This court affirmed the conviction and sentence but held that the court violated double jeopardy by referring to the guilty verdict on

---

[2] Firearm sentencing enhancement.

No. 52216-1-II

count II in the judgment and sentence. Accordingly, this court remanded to strike that language

from the judgment and sentence. This court concluded:

> We affirm George's conviction and sentence for second degree murder but remand
> to the trial court to strike the language in George's judgment and sentence which
> refers to the jury's guilty verdict on count II, the felony murder charge.

*State v. George*, No. 46705-4-II, slip op. at 1 (Wash. Ct. App. Feb. 22, 2017) (unpublished),

http://www.courts.wa.gov/opinions/. George petitioned for review to the Supreme Court, but the

court denied review. *State v. George*, 188 Wn.2d 1018 (2017). This court issued its mandate on

July 5, 2017.

On remand, the trial court on July 31, 2017, entered an order correcting the judgment and

sentence. The order provided:

> 1) That Page 3 of the Judgment and Sentence, 3.2 reflects "The court dismisses
> without prejudice Count II, the guilty verdict for Murder 2 with FASE, on double
> jeopardy grounds given the conviction for Count I" and that language should be
> stricken;
>
> 2) That all other terms and conditions of the Judgment and Sentence are to
> remain in full force and effect as if set forth in full herein; and the court being in
> all things duly advised.

PRP Appendix N. In addition, the order provided:

> 1) Page 3 of the Judgment and Sentence, 3.2 is corrected as follows:
>
> a) "The court dismisses without prejudice Count II, the guilty verdict for
> Murder 2 with FASE, on double jeopardy grounds given the conviction for Count
> I" is deleted.
>
> 2) All other terms and conditions of the original Judgment and Sentence shall
> remain in full force and effect as if set forth in full herein.

PRP Appendix N. The order was dated July 31, 2017, "NUNC PRO TUNC to September 19,

2014." PRP Appendix N.

3

On July 31, 2018, George filed this PRP. The PRP was filed exactly one year after entry of the trial court's correction order but more than one year after this court's mandate.

ANALYSIS

A.   LEGAL BACKGROUND

1.   PRP Principles

We will grant appropriate relief when petitioners establish that they are under restraint that is unlawful for one of certain specified reasons. RAP 16.4(a)-(c). To prevail in a PRP, a petitioner must establish (1) a constitutional error that resulted in actual and substantial prejudice or (2) a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 154, 381 P.3d 1280 (2016). The petitioner must make this showing by a preponderance of the evidence. *Id.*

However, a PRP is not a substitute for a direct appeal, and the availability of collateral relief is limited. *Id.* at 153. " 'Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment.' " *Id.* (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011)).

2.   One-Year Time Bar

Under RCW 10.73.090(1), a petitioner generally must file a PRP within one year after a trial court judgment and sentence becomes final if the judgment and sentence is valid on its face. A petition filed more than one year after a judgment becomes final must be dismissed unless the judgment is invalid on its face or one of the exceptions in RCW 10.73.100 applies. *See Dove*, 196 Wn. App. at 154.

Regarding finality, RCW 10.73.090(3) provides in part:

> For the purposes of this section, a judgment becomes final on the last of the following dates:
>
> (a) The date it is filed with the clerk of the trial court;
>
> (b) The date that an *appellate court issues its mandate* disposing of a timely direct appeal from the conviction.

(Emphasis added.)

The Supreme Court has interpreted RCW 10.73.090 as providing that "a judgment becomes final when all litigation on the merits ends." *In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 949, 162 P.3d 413 (2007). Finality under RCW 10.73.090 does not occur until both the conviction and the sentence are final. *Id.* at 946, 954.

B.      TIMELINESS OF PETITION

George argues that the one-year time bar does not apply because his judgment did not become final until the trial court filed the order correcting the judgment and sentence on July 31, 2017. The State argues that George's petition is untimely because the trial court's correction order did not involve the exercise of independent judgment and therefore the judgment became final when this court issued its mandate on July 5, 2017.[3] We agree with the State.

1.      Finality When the Case is Remanded

This court's mandate after George's second appeal did not end the case. This court remanded for the trial court to strike the reference to George's felony murder conviction. George asserts that the judgment and sentence could not be final until the trial court implemented this court's directive.

However, a judgment and sentence can be final upon issuance of the appellate court mandate even if the appellate court remands the case to the trial court. *See State v. Kilgore*, 167

---

[3] The State mistakenly identifies the date of this court's mandate as June 28, 2017.

Wn.2d 28, 37, 44, 216 P.3d 393 (2009). The question as framed in *Skylstad* is when "litigation *on the merits* ends." 160 Wn.2d at 949 (emphasis added).

In *Kilgore*, the Court of Appeals affirmed five of the defendant's convictions but reversed two other convictions and remanded for further proceedings. 167 Wn.2d at 33-34. The Supreme Court affirmed and issued a mandate. *Id.* at 34. On remand, the trial court corrected the judgment and sentence to strike the two reversed convictions, but left the sentence unchanged.[4] *Id.* The defendant argued that his case was not final for retroactivity purposes until the trial court corrected the judgment and sentence on remand. *Id.* at 33.

In addressing finality, the court focused on the fact that no appealable issues remained when the trial court corrected the judgment and sentence. *Id.* at 37. "[A] case has no remaining appealable issues where an appellate court issues a mandate reversing one or more counts and affirming the remaining count, and where the trial court exercises no discretion on remand as to the remaining final count." *Id.* " 'Only if the trial court, on remand, exercised its independent judgment, reviewed and ruled again on such issue does it become an appealable question.' " *Id.* (quoting *State v. Barberio*, 121 Wn.2d 48, 50, 846 P.2d 519 (1993)). The court held that the case was final when the mandate was issued because the trial court exercised no discretion in correcting the judgment and sentence on remand. *Kilgore*, 167 Wn.2d at 44.

In *In re Personal Restraint of Sorenson*, the court addressed the finality under RCW 10.73.090(3) of a case that had been remanded to the trial court. 200 Wn. App. 692, 696, 403 P.3d 109 (2017). In that case, the Court of Appeals affirmed the defendant's convictions but remanded to the trial court with instructions to correct scrivener's errors in the judgment and

---

[4] Striking the two convictions did not affect the defendant's sentence because reversal of the convictions merely reduced his offender score from 18 to 12 and his sentencing range was unaffected. *Id.* at 41-42.

sentence that incorrectly stated the dates the defendant committed some of the offenses. *Id.* at 694-95. On remand, the trial court entered an order correcting the judgment and sentence as directed by the Court of Appeals opinion. *Id.* at 695. The defendant filed a PRP within a year of the trial court's correction order but more than a year after the Court of Appeals' mandate. *Id.*

The court held that the defendant's PRP was untimely because it was filed more than one year after the mandate was issued. *Id.* at 700, 703. The court noted that *Kilgore* established that when a judgment is final "depended on whether the trial court on remand had exercised independent judgment," and that no appealable issues remained if the trial court merely corrected the original judgment. *Id*. at 700. The court then stated:

> [O]ur opinion provided a clear directive to the trial court, and it did not require the trial court to exercise any independent judgment or discretion on remand. Thus, as in *Kilgore*, the trial court did not exercise any independent judgment on remand. Instead, the trial court simply corrected the judgment and sentence to reflect the dates Sorenson committed the crimes. Because the trial court did not exercise its independent judgment, there was no appealable issue, and the pendency of the case ceased. With no appealable issue pending, Sorenson's judgment and sentence became final when the mandate was issued.

*Id.* at 700 (internal citations omitted).

2.    Analysis

Here, this court rejected George's challenges to his conviction and sentence. However, this court held that the trial court had erred by referencing a conviction in the judgment and sentence that had been dismissed on double jeopardy grounds. And this court specified exactly what the trial court was required to do on remand: "We affirm George's conviction and sentence for second degree murder but remand to the trial court to strike the language in George's judgment and sentence which refers to the jury's guilty verdict on count II, the felony murder charge." *Id*. at 1.

As in *Sorenson*, this court provided a clear directive to the trial court. The trial court was not required to exercise any independent judgment or discretion on remand. The trial court merely carried out this court's directive. *See Sorenson*, 200 Wn. App. at 700. Therefore, all litigation on the merits of George's appeal ended and the judgment became final when this court issued its mandate.

George contends that the trial court did not merely correct a ministerial error, it remedied a violation of his fundamental rights. But under *Kilgore* and *Sorenson*, the question of finality does not depend on the nature of the defendant's right that the trial court addresses on remand. The only issue is whether that trial court exercised any independent judgment or discretion in correcting the judgment and sentence. *Kilgore*, 167 Wn.2d at 37; *Sorenson*, 200 Wn. App. at 700. In *Kilgore*, striking a reversed conviction also involved a fundamental right.

George also argues that even if the trial court did not exercise independent judgment in correcting the judgment and sentence, the trial court did exercise discretion by entering its order nunc pro tunc – retroactive – to the date of original sentencing. "A nunc pro tunc order allows a court to date a record reflecting its action back to the time the action in fact occurred." *State v. Hendrickson*, 165 Wn.2d 474, 478, 198 P.3d 1029 (2009). A nunc pro tunc order is appropriate to correct ministerial or clerical errors, but not juridical errors. *Id.* at 479.

However, as noted above, the question is when all litigation *on the merits* of George's case ended. *Skylstad*, 160 Wn.2d at 949. Entering an order correcting a judgment and sentence nunc pro tunc can affect the merits of a case under certain circumstances, and we do not address whether entry of an order nunc pro tunc precludes finality in those circumstances. But here, the trial court's decision to enter its correction order nunc pro tunc had nothing to do with the merits of George's case. All litigation on the merits ended when this court entered its mandate.

We conclude that because the trial court did not exercise independent judgment on remand, George's judgment and sentence became final on July 5, 2017 when this court issued its mandate. Because George filed his PRP on July 31, 2018, more than one year after his judgment and sentence became final, we hold that George's PRP is time-barred under RCW 10.73.090(1).

## CONCLUSION

We dismiss George's PRP as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

MELNICK, J.

SUTTON, J.