# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of<br>the Personal Restraint of<br><br>TERRANCE TERRIEL POWELL,<br><br>Petitioner. | No. 53010-4-II<br><br>UNPUBLISHED OPINION |

MAXA, J. – Terrance Powell seeks relief from personal restraint imposed as a result of his 1995 plea of guilty to second degree assault, a crime he committed when he was 16 years old. We conclude that Powell has failed to show that the alleged error resulted in a complete miscarriage of justice, which is necessary to warrant relief for the alleged nonconstitutional error. Therefore, we deny Powell's petition.

## FACTS

The State initially charged Powell with first degree assault. Because first degree assault was a serious violent offense, juvenile court jurisdiction was automatically declined and the case was assigned to adult criminal court under former RCW 13.04.030(1)(e)(iv)(A) (1994). The State and Powell reached a plea agreement, under which the State amended the charge to second degree assault, a crime that is not subject to automatic declination of the juvenile court's exclusive jurisdiction. Powell did not waive juvenile court jurisdiction and the adult superior court did not conduct a declination hearing or refer to the juvenile court to conduct a declination hearing.

Powell pleaded guilty in superior court. On June 22, 1995, when Powell still was under the age of 18, the superior court entered a judgment and sentence that imposed a sentence of nine months in jail and 12 months of community supervision. Powell served his sentence and has not been under supervision by the Department of Corrections pursuant to this judgment and sentence since 2003.

In 1997, Powell murdered a man. A jury subsequently convicted Powell of first-degree murder with a firearm enhancement, and the superior court sentenced him to 407 months in prison. Powell currently is in custody serving this sentence for murder.

In 2018, Powell filed a motion for relief from judgment in the trial court, arguing that because his 1995 judgment and sentence was entered in adult superior court, not juvenile court, that judgment and sentence is facially invalid. He sought dismissal of the conviction. The superior court transferred the motion to this court pursuant to CrR 7.8(c)(2).

## ANALYSIS

A.     PRP PRINCIPLES

We will grant appropriate relief when petitioners establish that they are under restraint that is unlawful for one of certain specified reasons. RAP 16.4(a)-(c). To prevail in a PRP, a petitioner must establish (1) a constitutional error that resulted in actual and substantial prejudice, or (2) a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). The petitioner must make this showing by a preponderance of the evidence. *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 154, 381 P.3d 1280 (2016).

Under RCW 10.73.090(1), a petitioner generally must file a PRP within one year after a trial court judgment and sentence becomes final if the judgment and sentence is valid on its face.

The one year time bar does not apply if the judgment and sentence is invalid on its face. *In re Pers. Restraint of Hemenway,* 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

B.      NO MISCARRIAGE OF JUSTICE

Powell argues that his judgment and sentence was invalid on its face because the juvenile court, not the adult superior court, had exclusive jurisdiction. The State argues that although the superior court erred by not finding a waiver of juvenile court jurisdiction or conducting a declination hearing, the judgment and sentence is not invalid on its face. We need not resolve this issue because Powell fails to show that a complete miscarriage of justice resulted from the superior court's error.

There is no constitutional right to an adjudication in juvenile court. *State v. Watkins*, 191 Wn.2d 530, 535-36, 423 P.3d 830 (2018). Therefore, the adult superior court's failure to conduct or transfer for a declination hearing warrants a remedy on collateral review only if the error rose to the level of a fundamental defect that inherently resulted in a complete miscarriage of justice. *See Swagerty*, 186 Wn.2d at 807.

Here, Powell has not established any practical effect that arose from the superior court's error. The record contains no clear statement that Powell would not have pleaded guilty if the case had been transferred to juvenile court. Nor does Powell present evidence that the charges against him might have been further reduced had his case been transferred to juvenile court. Finally, the sentence for murder that Powell currently is serving was not affected by the fact that he was convicted in adult superior court rather than in juvenile court because his offender score would have been the same regardless of whether he was convicted as an adult or as a juvenile. Former RCW 9.94A.360(10) (1992).

We conclude that Powell has failed to show that the superior court's error in not transferring the case to juvenile court constituted a fundamental defect that resulted in a complete miscarriage of justice. Therefore, his claim of unlawful restraint fails.

CONCLUSION

We deny Powell's petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, P.J.

VELJACIC, J.