# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Personal Restraint Petition of: | No. 54923-9-II |
| | UNPUBLISHED OPINION |
| DONALD LEE HOGAN, | |
| Petitioner. | |

MAXA, J. – Donald Hogan seeks relief from personal restraint imposed as a result of his 2018 plea of guilty to five counts of communicating with a minor for immoral purposes. We deny Hogan's personal restraint petition (PRP) and deny his request for appointment of counsel.

## FACTS

The State charged Hogan with one count of attempted second degree child rape and eight counts of communication with a minor for immoral purposes. Hogan ultimately pleaded guilty to five counts of communication with a minor for immoral purposes.

Hogan later made a motion to withdraw his guilty plea. The trial court denied the motion, stating that there was no basis to withdraw the guilty plea.

This court affirmed Hogan's convictions on direct appeal. *State v. Hogan*, No. 52616-6, slip op. at 16 (Wash. Ct. App. June 9, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2052616-6-II%20Unpublished%20Opinion.pdf. The court addressed a number of community custody conditions, *id.* at 5-12, but also rejected a

number of arguments that Hogan raised in a statement of additional grounds (SAG). *Id.* at 12-15. Hogan then filed this PRP.

ANALYSIS

A.    LEGAL PRINCIPLES

We may grant relief to a petitioner who is under restraint and who can demonstrate his restraint is unlawful. RAP 16.4; *In re Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 262, 474 P.3d 524 (2020), *cert. denied*, 141 S. Ct. 1753 (2021). Under RAP 16.4(c)(2), a restraint is unlawful when a conviction is obtained in violation of the United States Constitution or the Washington Constitution and laws. To prevail in a PRP, a petitioner must establish (1) "a constitutional error that resulted in actual and substantial prejudice," or (2) "a nonconstitutional error involving a fundamental defect that inherently results in a complete miscarriage of justice." *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 154, 381 P.3d 1280 (2016).

However, "[a] PRP is not a substitute for a direct appeal, and the availability of collateral relief is limited." *Id.* at 153. " 'Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment.' " *Id.* (quoting *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011)).

A PRP may not raise an issue that already has been raised and rejected on direct appeal unless the interests of justice require reexamining the issue. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). A PRP "should not simply be reiteration of issues finally resolved at trial and direct review, but rather should raise new points of fact and law that were not or could not have been raised in the principal action, to the prejudice of the defendant." *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388-89, 972 P.2d 1250 (1999).

B.     ANALYSIS OF CLAIMS

First, Hogan argues he received ineffective assistance of defense counsel because counsel lacked the necessary experience, knowledge, and motivation to represent him.  But this court considered and rejected a similar ineffective assistance of counsel claim in his direct appeal. *Hogan*, No. 52616-6- II, slip op at 14-15.  Unless Hogan shows that the interests of justice require it, he cannot raise this argument again in this petition.  *Yates*, 177 Wn.2d at 17.  He makes no such showing.

Second, Hogan argues that he was not advised that 36 months of community custody would be imposed in his judgment and sentence.  But according to the plea agreement, he agreed to the 36-month term of community custody.

Third, Hogan argues that he was not advised when he plead guilty that he would be required to register as a sex offender.  But his guilty plea statement and his plea colloquy informed him that his convictions would require him to register as a sex offender.

Fourth, Hogan argues that the trial court erred in denying his motion to withdraw his guilty plea because his defense counsel was ineffective, he felt coerced, the trial court did not establish his mental capacity to enter a guilty plea, and his plea was not knowing, intelligent, and voluntary.  As noted above, this court considered and rejected Hogan's similar ineffective assistance of counsel claim in his direct appeal.  *Hogan*, No. 52616-6- II, slip op. at 14-15.  He makes no showing that the interests of justice require reconsideration of this issue.  *Yates*, 177 Wn.2d at 17.

Regarding his other claims, there is no indication in the record that Hogan was coerced into pleading guilty or that he lacked the mental capacity to enter a guilty plea.  Hogan does not explain why his guilty plea was not knowing, intelligent, and voluntary.  And there is nothing in

the record showing that Hogan's plea was anything other than knowing, intelligent, and voluntary.

Fifth, Hogan argues that the trial court did not read a six-page letter that he submitted at sentencing, proclaiming his innocence. But the transcript shows that the court took a recess to read the letter. The fact that the judge did not comment on the letter after the recess does not show that the court did not read it.

Sixth, Hogan appears to argue that he received ineffective assistance of defense counsel when she did not obtain a psychological evaluation of his seizure disorder before sentencing and did not bring a variety of motions before sentencing. To establish ineffective assistance of counsel, he must demonstrate that (1) defense counsel's performance was deficient performance, and (2) the deficient representation caused prejudice. *State v. Estes*, 188 Wn.2d 450, 457-58, 395 P.3d 1045 (2017). We strongly presume that defense counsel's performance was reasonable. *Id.* at 458. Hogan fails to show that defense counsel's decisions not to accede to Hogan's demands constitute deficient performance or prejudiced him.

Seventh, Hogan argues that his offender score was miscalculated because two prior convictions should have washed out. But he does not show that those convictions should have washed out. Nor does he show any prejudice. His offender score of 14 still would have been greater than 9, based on his four other current convictions counting three points each. And the trial court imposed an exceptional sentence below the standard range by agreement of the parties.

Eighth, Hogan argues that the trial court abused its discretion when it did not make a finding that he intentionally went on the internet to deliberately search for a minor with whom to communicate for immoral purposes. But the trial judge was not required to make such a finding

No. 54923-9-II

before finding him guilty of communicating with a minor for immoral purposes. Hogan's admissions in his plea of guilty were sufficient.

Finally, Hogan argues that he was not advised of his constitutional rights before being interrogated and did not waive any such rights. Again, this court considered and rejected these arguments in his direct appeal. *Hogan*, No. 52616-6- II, slip op. at 13. He makes no showing that the interests of justice require reconsideration of this issue. *Yates*, 177 Wn.2d at 17.

CONCLUSION

Hogan does not show any grounds for relief from personal restraint. Therefore, we deny his PRP and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, A.C.J.

VELJACIC, J.

5