# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55908-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ADAM MICHAEL DON WORKMAN, | |
| Appellant. | |

MAXA, P.J. – Adam Workman appeals the judgment and sentence entered after his convictions on multiple charges. Workman argues, and the State concedes, that (1) the judgment and sentence contains a scrivener's error and (2) the trial court failed to conduct an adequate inquiry into his ability to pay before imposing attorney fees as a discretionary legal financial obligation (LFO). We accept the concession, and remand for the trial court to correct the scrivener's error and to properly inquire into Workman's ability to pay before imposing attorney fees as an LFO.

## FACTS

In April 2021, Workman was convicted of multiple offenses after a jury trial. The trial court entered a judgment and sentence that stated that the jury found an aggravating circumstance of domestic violence under RCW 9.94A.535(3)(h). As part of the sentence, the court imposed as LFOs $500 in attorney fees and community custody supervision fees as determined by the Department of Corrections.

Workman appeals the recitation of the domestic violence aggravating circumstance and the imposition of the LFOs.

## ANALYSIS

A.    SCRIVENER'S ERROR

As the State concedes, the provision of the judgment and sentence that Workman was found guilty of an aggravating circumstance of domestic violence under RCW 9.94A.535(3)(h) was an error.  The court did not instruct the jury on that aggravating circumstance and the jury did not find that aggravating circumstance.  Therefore, we remand for the trial court to remove this provision from the judgment and sentence.

B.    IMPOSITION OF LFOS

Under RCW 10.01.160(1), a trial court may require a defendant to pay "costs."  Court-appointed attorney fees constitute costs under RCW 10.01.160(1).  *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 155, 381 P.3d 1280 (2016).  However, costs cannot be imposed on an indigent defendant.  RCW 10.01.160(3).

In *State v. Blazina*, the Supreme Court held that the trial court must conduct an individualized inquiry on the record about a defendant's current and future ability to pay before imposing discretionary LFOs.  182 Wn.2d 827, 839, 344 P.3d 680 (2015).  The court must consider several specific factors in making this inquiry.  *State v. Ramirez*, 191 Wn.2d 732, 742-44, 426 P.3d 714 (2018).

The trial court imposed $500 in attorney fees as an LFO.  However, as the State concedes, the court did not make an adequate inquiry into Workman's ability to pay.  Therefore, we remand for the trial court to reconsider imposition of attorney fees as an LFO after inquiring into Workman's ability to pay.

The imposition of community custody supervision fees requires a different analysis. A discretionary supervision fee is not a "cost" as defined in RCW 10.01.160(2), and therefore the prohibition in RCW 10.01.160(3) of imposing "costs" on an indigent person is inapplicable. *State v. Spaulding*, 15 Wn. App. 2d 526, 536-37, 476 P.3d 205 (2020). However, on remand the trial court is free to consider whether or not to exercise its discretion to impose community custody supervision fees.

## CONCLUSION

We remand for the trial court to correct the scrivener's error and to properly inquire into Workman's ability to pay before imposing attorney fees as an LFO.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

CRUSER, J.

VELJACIC, J.