# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 56983-3-II |
| Respondent, | |
| v. | |
| ALPHONSO ALBERT BELL, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Alphonso Bell pleaded guilty to second degree murder in 2011 as a result of a fatal stabbing. In 2022, following our Supreme Court's *Blake*[1] decision, the superior court resentenced Bell with the use of a short order correcting his judgment and sentence to address *Blake*'s effect on Bell's offender score. Bell's legal financial obligations (LFOs) were neither discussed nor amended as part of the superior court's order.

Bell appeals, contending his LFOs are no longer supportable under current law, the crime victim penalty assessment (CVPA) fee is unconstitutional, and the superior court erred when it did not enter an entirely new judgment and sentence document at his resentencing. Bell also raises additional issues in a statement of additional grounds (SAG).[2] The State concedes the matter should be remanded to the superior court to address Bell's LFOs, but objects to Bell's other claims.

We remand to the superior court to address the LFOs, but reject Bell's remaining claims.

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] RAP 10.10.

FACTS

I. SENTENCING AND LFOs

After Bell pleaded guilty to second degree murder with a firearm sentencing enhancement in 2011, he was sentenced to a high-end standard range sentence of 397 months with 60 additional months for the firearm sentencing enhancement. The superior court also imposed several LFOs, including a $200 criminal filing fee, $1,500 attorney fees, $100 DNA database fee, $500 CVPA, and supervision fees while on community custody, plus interest to accrue on the LFOs. The superior court made no inquiry into, or determination about, Bell's indigency. Three years later, the superior court added appellate court costs to Bell's judgment and sentence related to an unsuccessful personal restraint petition.

II. RESENTENCING

Following the *Blake* decision, Bell was resentenced. Bell's offender score was recalculated, reducing it from a 10 to a 9, but the standard sentencing range for his second degree murder conviction remained the same. Nevertheless, Bell sought a different sentence, requesting 298 months, which was the low end of the standard sentencing range.

The superior court rejected Bell's request, but it did lower his sentence from 397 months to 385 months plus 60 months for the firearm sentencing enhancement. Rather than enter an entirely new judgment and sentence document, the superior court entered a short order merely correcting the judgment and sentence. The order further stated that "all other terms and conditions of the original Judgment and Sentence dated February 03, 2012, shall remain in full force and effect as is set forth in full herein." Clerk's Papers (CP) at 60.

The superior court did not inquire into Bell's indigency or ability to pay at the resentencing hearing, nor were any findings made regarding indigency in the order correcting the judgment and sentence. Bell did not raise or object to the LFOs at his resentencing.

Bell appeals his sentence.

ANALYSIS

I. IMPOSITION OF LFOS

Bell argues the superior court erred when it did not strike the LFOs at his resentencing given his indigency status. The State concedes the case should be remanded to address Bell's LFOs. We accept the State's concession and remand for the superior court to address the LFOs.[3]

Since Bell's original sentencing in 2011, the law regarding LFOs has evolved. For example, court costs, including attorney fees and appellate court costs, may no longer be imposed on indigent defendants. RCW 10.01.160(2), (3); RCW 10.73.160(1); *see In re Pers. Restraint of Dove*, 196 Wn. App. 148, 155, 381 P.3d 1280 (2016); *State v. Grant*, 196 Wn. App. 644, 651, 385 P.3d 184 (2016). In addition, criminal filing fees may no longer be imposed on indigent defendants. RCW 36.18.020(2)(h).

Several other LFOs have been eliminated entirely since Bell was first sentenced. In 2018, the legislature barred interest on nonrestitution LFOs. RCW 10.82.090(1). And interest on

---

[3] Under RAP 2.5(a), this court "may refuse to review any claim of error which was not raised in the trial court." But RAP 2.5(a) also gives this court discretion on whether or not to address an error that was not raised at the superior court. Although Bell did not raise the issue regarding LFOs at the superior court, we exercise our discretion and address the issue of LFOs because of the State's concession and the clear legislative directives evidenced in the numerous statutory changes in this area.

restitution is discretionary; the superior court has the option of not imposing interest on restitution if the defendant is indigent. RCW 10.82.090(2).

In 2022, the legislature barred the imposition of community custody supervision fees. LAWS OF 2022, ch. 29, § 7 (amending RCW 9.94A.703(2)).

Finally, until very recently, a court was required to impose a DNA collection fee unless the defendant's DNA was previously collected as a result of a prior conviction. Former RCW 43.43.7541 (2018). But in 2023, the legislature eliminated this requirement. LAWS OF 2023, ch. 449, § 4. And the court must waive any DNA collection previously imposed, on the defendant's motion. RCW 43.43.7541(2).

Here, the State concedes that remand is appropriate to address Bell's LFOs but does not necessarily concede Bell is indigent. Indeed, nothing in the record reflects that Bell has been declared indigent as defined in RCW 10.101.010(3)(a) through (c). Therefore, we remand for the superior court to determine Bell's indigency and, following this determination, reconsider the imposition of attorney fees, criminal filing fees, appellate court costs, and interest on restitution LFOs. The superior court should also strike the DNA fee, community custody supervision fees, and any nonrestitution interest.

## II. CONSTITUTIONALITY OF THE CVPA

Separate from his general LFO arguments, Bell argues the CVPA must be stricken from his judgment and sentence for a different reason—because it violates the excessive fines clause of the United States and Washington Constitutions. In part, pointing to the plain language of the statute, Bell argues that the CVPA is punitive and implicates the constitutional prohibition on excessive fines.

Whether the excessive fines clauses ever applied to the CVPA has long been decided. The CVPA was previously declared as being "not punitive in nature." *State v. Mathers*, 193 Wn. App. 913, 920, 376 P.3d 1163, *review denied*, 186 Wn.2d 1015 (2016). Further, our Supreme Court has held that the CVPA "is neither unconstitutional on its face nor as applied to indigent defendants." *State v. Curry*, 118 Wn.2d 911, 918, 829 P.2d 166 (1992). We must follow the established precedent that the CVPA is constitutional. *See State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984) (Supreme Court's decision on issue of state law binds all lower courts).

Nevertheless, like the other LFOs discussed above, recent statutory changes make remand appropriate for the CVPA imposed against Bell. Effective July 1, 2023, courts may not impose the CVPA on indigent defendants. RCW 7.68.035(4).[4] The court must also waive any CVPA fees imposed prior to the effective date of the amendment if the offender is indigent, on the offender's motion. RCW 7.68.035(5)(b).

Therefore, like the LFOs discussed above, we remand for the superior court to determine Bell's indigency and reconsider the imposition of the CVPA.

III. NEW JUDGMENT AND SENTENCE DOCUMENT

Bell next argues the superior court erred when it merely entered a short order correcting his judgment and sentence rather than issuing an entirely new judgment and sentence document. We disagree.

---

[4] Although the legislative changes for the CVPA, the DNA fees, and the community custody supervision fees all took effect after Bell's resentencing, these legislative changes still apply to Bell because this case is on direct appeal. *See State v. Ramirez*, 191 Wn.2d 732, 748-49, 426 P.3d 714 (2015) (even though amendments to the LFO statute were enacted after sentencing, they applied to defendant because his case was on direct appeal and therefore not final).

A. LEGAL PRINCIPLES

We review statutory interpretation de novo. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). The fundamental objective when determining the meaning of a statute "is to ascertain and carry out the [l]egislature's intent." *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). We first looks to the plain meaning of the statute. *Armendariz*, 160 Wn.2d at 110. If the plain language is unambiguous, our inquiry ends and the statute is enforced with its plain meaning. *Id.*

B. APPLICATION

Bell argues the plain language of RCW 9.94A.480, requires an entirely new judgment and sentence document anytime a judgment and sentence is amended or corrected. RCW 9.94A.480(1) states,

> *A current, newly created or reworked judgment and sentence document* for each felony sentencing shall record any and all recommended sentencing agreements or plea agreements and the sentences for any and all felony crimes kept as public records under RCW 9.94A.475 shall contain the clearly printed name and legal signature of the sentencing judge. . . .

(Emphasis added.)

Bell argues the phrase "judgment and sentence document" refers to one, single document and, therefore, the statute does not permit the use of a short order that merely amends a judgment and sentence. The State responds that nothing in the statute requires an entirely new full judgment and sentence document each time it is amended and, in fact, the phrase "reworked judgment" means that a new singular document is not necessary. Br. of Resp't at 23.

Although there may be practical advantages to a singular document, Bell's interpretation of the statute is unpersuasive. As argued by the State, there is nothing in RCW 9.94A.480(1) that

6

requires an entirely new judgment and sentence each time the document is amended or corrected. And the statute's use of the phrase "current, newly created[,] or *reworked* judgment and sentence" shows that the legislature contemplated merely amending a judgment and sentence. RCW 9.94A.480(1) (emphasis added). Thus, the superior court did not err by entering an order amending Bell's judgment and sentence, rather than an entirely new judgment and sentence document.

IV. STATEMENT OF ADDITIONAL GROUNDS (SAG)

Bell raises two claims in his SAG. First, he contends the firearm sentencing enhancement is improper because he was armed with a knife and not a firearm. Second, he seeks another resentencing under *Blake*. 197 Wn.2d 170, 481 P.3d 521 (2021).

In Bell's first claim, he claims the firearm sentencing enhancement is improper because his crime involved a fatal stabbing, not the use of a firearm. However, Bell pleaded guilty to second degree murder with a firearm enhancement and the validity of Bell's guilty plea is outside the scope of his resentencing hearing. Accordingly, we decline to consider Bell's claim that imposition of a firearm sentencing enhancement is improper.

Bell's second claim is that *Blake* makes his offender score incorrect and his sentence unconstitutional and, therefore, he should be resentenced again. But Bell has already been resentenced and received the remedy he is entitled to under *Blake*. Accordingly, this claim fails.

CONCLUSION

We remand to the superior court to strike the DNA fee, supervision fees, and nonrestitution LFO interest. On remand, the superior court should also determine Bell's indigency status and strike any remaining LFOs as appropriate. We reject Bell's remaining claims.

No. 56983-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

, J.